**Vladimir ANTOLOS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE of the United States Department of Justice, Respondent.**

**No. 22101.**

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1968.

Hiram W. Kwan (argued) of Kwan, Cohen, & Lum, Los Angeles, Cal., for appellant.

Carolyn M. Reynolds (argued) Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., Stephen Suffin, I.N.S., San Francisco, Cal., Ramsey Clark, Atty. Gen. of U. S., Washington, D. C., Joseph Sureck, Reg. Counsel, I.N.S., San Pedro, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and CROCKER, District Judge.*

HAMLIN, Circuit Judge.

Petitioner Vladimir Antolos appeals from a deportation order made by the Immigration and Naturalization Service. For the reasons set forth below, his appeal is denied.

Petitioner, a 25-year-old native and citizen of Yugoslavia, entered the United States at New York on or about July 22, 1965, as a nonimmigrant visitor. He was authorized to remain until May 30, 1966, but he remained in the United States after that date. On August 29, 1966, petitioner was granted the privilege of voluntary departure by an immigration

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

officer in Los Angeles, California, in lieu of the institution of deportation proceedings, his departure to be made on or before September 8, 1966. When petitioner did not so depart, an order to show cause and a notice of hearing were issued on December 1, 1966, directing petitioner to show cause why he should not be deported. At the hearing on the order to show cause, petitioner appeared with his attorney and admitted all of the charges in the order to show cause, including the charge of deportability. At this hearing petitioner submitted an application under 8 U.S.C. § 1253(h), seeking a stay of deportation upon the ground that he would be subject to persecution by reason of his political opinions if deported to his native country, Yugoslavia. The Special Inquiry Officer, after a full hearing, found that petitioner had not shown that he would suffer persecution if returned to Yugoslavia, and denied his application for relief under § 1253(h). Petitioner was granted the privilege of voluntary departure, but if he failed to depart by a date certain, he was to be deported to Yugoslavia.

Petitioner appealed the decision of the Special Inquiry Officer to the Board of Immigration Appeals. The Board dismissed the appeal on May 11, 1967. The instant appeal was then taken.

This court has jurisdiction under 8 U.S.C. § 1105a. This grant of jurisdiction includes review of orders with respect to discretionary relief sought during deportation proceedings, such as an application for stay of deportation. Foti v. I.N.S., 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

 The sole issue on this appeal is whether petitioner is entitled to the relief provided by 8 U.S.C. § 1253(h). That statute reads as follows:

> "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which *in his opinion* the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason." As

amended Oct. 3, 1965, Pub.L. 89–236, § 11(f), 79 Stat. 918. (Emphasis added.)

This statute provides relief only in the Attorney General's discretion. In such a situation, this court may not substitute its views for those of the Attorney General or of the Board of Immigration Appeals. Rather, the function of this court is limited to insuring that this discretion is not abused, and that petitioner has been afforded a full and fair hearing that comports with due process. Schieber v. I.N.S., 347 F.2d 353, 354 (9th Cir. 1965); United States ex rel. Cantisani v. Holton, 248 F.2d 737, 739 (7th Cir. 1957).

█ In this case, a careful study of the record discloses that petitioner had a full and fair hearing, that there was ample evidence to support the denial of petitioner's application, and that there was no abuse of discretion in such denial.

The order is affirmed.