**Jesus Roberto ARIAS-URIBE, Petitioner-Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.**

No. 71-2545.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1972.

William A. Herreras (argued), of Hathaway, Clabaugh & Perrett, Ventura, Cal., for petitioner-appellant.

Dzintra Janaus, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Alan W. Peryam, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., Steve Williams, District Director, Stephen Suffin, Atty., Immigration & Naturalization Service, San Francisco, Cal., Joseph Surreck, Reg. Counsel of I & NS, San Pedro, Cal., Will Wilson, Asst. Atty. Gen., Washington, D. C., George K. Rosenberg, District Director, I & NS, Los Angeles, Cal., for respondent-appellee.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

The sole question presented on this petition to review a decision of the Board of Immigration Appeals is whether an alien who has been rendered deportable by reason of his conviction for a narcotics offense is entitled to seek, in a deportation proceeding, advance permission to re-enter the United States pursuant to the provisions of § 212(c) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1182(c).

Petitioner is a Mexican citizen who has lived continuously in the United States as a permanent resident alien since 1954. In 1969, shortly after he was convicted in a state court for possession of heroin, the Immigration and Naturalization Service, on the basis of such conviction, instituted deportation proceedings against him, under § 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11).[1]

At the deportation hearing, Petitioner conceded his deportability, but sought to avoid expulsion. To that end, he filed an "Application for Advance Permission to Return to an Unrelinquished Domicile" [I.N.S. Form I–191, 8 C.F.R. § 212.3] under the provisions of § 212(c), which provides:

"Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section. * * * *"[2]

The Special Inquiry Officer ruled that § 212(c) discretionary relief was unavailable to a respondent in a § 241(a)(11) deportation proceeding, and found Petitioner deportable. The Board of Immigration Appeals affirmed the decision.

Petitioner relies upon a series of Board decisions which hold that discretionary relief may be available in deportation proceedings. Matter of S—, 6 I&N Dec. 393 (1954); Matter of G—A—, 7 I&N Dec. 274 (1956); Matter of Smith, 11 I&N Dec. 324 (1965); Matter of Eng, 12 I&N Dec. 855 (1968). These decisions are not in point. With the exception of *Matter of Smith, supra,*[3] each of them involved an alien who was excludable at the time he last entered the United States. 8 U.S.C. § 1251(a)(1). The Board held that discretionary relief was available and might be granted to effect a retroactive waiver of the ground of excludability existing at the time of the subject's entry and that if such relief was granted, then the basis for his deportation was entirely eliminated. Petitioner, however, is in a different situation. His deportation is sought, not because he was excludable at the time he last entered the United States, but because he was convicted of a narcotics offense after entering the United States. The Attorney General is not given discretion by the immigration laws to waive or suspend deportation for narcotics offenders, nor is he authorized, once proceedings under § 241(a) are begun, to allow such persons to leave the country voluntarily in lieu of deportation. See 8 U.S.C. § 1254(a), (e). To hold that the Attorney General may consider an application for permission to reenter, made by a person who must be

1. Section 241 provides, in part:
   "(a) Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who— * * *
   (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs * * *."

2. Subsection (a) denominates 31 classes of aliens who shall be excluded from admission into the United States. Among these classes are persons who have been convicted of narcotics offenses. 8 U.S.C. § 1182(a)(23).

3. Matter of Smith held that § 212(c) relief would be available in a deportation proceeding to an alien who sought to have his status adjusted pursuant to § 245 of the Act. The Board's theory was that a person requesting an adjustment of status stands in the position of an alien outside the United States seeking admission, and therefore those matters affecting admissibility could be waived, in the discretion of the Attorney General, under § 212(c). We need not decide whether this interpretation is correct, since adjustment of status is unavailable to natives of any country in the Western Hemisphere by the express terms of § 245(c) of the Act. 8 U.S.C. § 1255(c).

**1200**

deported, would not only do violence to the clear language of § 212(c), but render inoperative those provisions of the Act which make deportation mandatory for aliens who have been convicted of a narcotics offense.

The decision of the Board is affirmed.