Peter Richard BOWE, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 78–1496.

United States Court of Appeals,
Ninth Circuit.

Feb. 7, 1979.

Revised Opinion April 23, 1979.

Rehearing Denied June 4, 1979.

Michael D. Finnegan, Simmons & Ungar, San Francisco, Cal., for petitioner.

Philip P. Leadbetter, Trial Atty., San Francisco, Cal., for respondent.

Before CARTER, BRIGHT,* and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Bowe appeals from the order of the Board of Immigration Appeals refusing to grant a waiver of deportability under § 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1182(c). Bowe "does not dispute that he is deportable as charged" under § 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11), providing for deportation of aliens convicted of criminal laws dealing with drug offenses. But Bowe contends that the immigration judge, affirmed by the Board, failed to afford him a full and fair hearing on the § 212(c) waiver by not allowing him to present certain evidence concerning his alleged rehabilitation from drug activities. He claims that he has a constitutional and statutory right to present such evidence. Bowe also claims that the Board and immigration judge abused their discretion in refusing the waiver.

We need not determine the constitutional and statutory rights, if any, of an alien proceeding under § 212(c) to present evidence in his own behalf. This court has recently noted:

> Relief under § 212(c) has been held in this Circuit to be unavailable to an alien facing deportation for conviction of a drug-related crime, pursuant to 8 U.S.C. § 1251(a)(11). [Citations omitted.]

*Nicholas v. Immigration & Naturalization Service*, 590 F.2d 802, 808 (9th Cir. 1979); see *Dunn v. Immigration & Naturalization Service*, 499 F.2d 856, 857–58 (9th Cir. 1974), cert. denied, 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975); *Arias-Uribe v. Immigration & Naturalization Service*, 466 F.2d 1198, 1199–1200 (9th Cir. 1972).

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Bowe acknowledges that he is deportable under § 1251(a)(11). Thus, he could not obtain a waiver under § 212(c). Accordingly, any alleged errors in the Board's procedures by which it denied the waiver could not have affected the outcome—denial of the waiver—and thus were harmless. Therefore, the decision by the Board and the immigration judge is

AFFIRMED.[1]

BRIGHT, Circuit Judge, dissenting.

I respectfully dissent. According to the majority, any lack of due process in petitioner Bowe's hearing before the Immigration and Naturalization Service (the Service) was harmless error because, under prior decisions of this court, the Service possesses no discretion to grant Bowe's request for a waiver of deportation as a convicted drug offender. The majority decides this case upon a basis that neither party presented on this appeal.

This court must recognize that, as I note below, the Service in fact exercises discretionary power in some cases to waive deportability of drug offenders, under section 212(c) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1182(c) (1976), notwithstanding this circuit's decisions denying the existence of such power. In that circumstance, I believe it is error to rule that the Service's failure to award Bowe a

procedurally adequate hearing did not prejudice him, as the Service may well have granted Bowe's application for relief had it allowed him to fully present his case. In my view, the cases relied upon by the majority are inapplicable to the issues before us. I would reverse and remand the case to the Service for a new determination of Bowe's entitlement to relief from deportation.

I. *Background.*

Peter Richard Bowe, age twenty-seven at the time of hearing, is a native and citizen of Australia, but he has resided in the United States with permanent residence status since February 1966. Most of his family members are United States citizens, and he has no close relatives living outside this country. He is the father of a young child who is a United States citizen.

Federal authorities prosecuted and obtained a conviction of Bowe in 1976 for conspiring to import, possess, and distribute cocaine. He received a two-year prison sentence, which was suspended except for six months to be served in a jail-type institution, followed by three years' probation.

Following Bowe's conviction, the Service brought these proceedings to deport Bowe as a drug offender, under section 241(a)(11) of the Act.[1] Bowe admitted that the 1976

---

1. The dissent argues that because the INS has not followed *Arias-Uribe* in practice but has instead applied § 212(c) to persons convicted of drug-related crimes, under the INS' interpretation of § 212(c) Bowe could conceivably have received a waiver. The dissent concludes that the ALJ's alleged denial of due process therefore cannot be viewed as harmless.

The premise underlying the dissent is that because the INS has not followed this court's interpretation of § 212(c), this court is now bound to give full effect to the INS' interpretation of § 212(c). This premise, however, conflicts with the congressional scheme that this court has appellate jurisdiction over the INS' decisions and that within the jurisdiction of this court, our interpretation of the law binds the INS. *See* 5 U.S.C. § 706; 8 U.S.C. § 1105a.

To the degree that the dissent may be read simply as disapproving the *Arias-Uribe* and *Nicholas* holdings, we note that this panel is obligated to follow the prior holdings of this court and is not free to overrule earlier hold-

ings even if we consider them ill-advised. Whether *Arias-Uribe* and *Nicholas* should be overruled is a matter that can be determined only by this court sitting en banc. *See* Fed.R. App.P. 35.

1. 8 U.S.C. § 1251(a)(11) (1976), which provides:
    (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
    \* \* \* \* \* \*
    (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession

narcotics conviction established him as deportable, but he applied for a waiver of deportation under section 212(c) of the Act, which reads as follows:

(c) Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section. Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title. [8 U.S.C. § 1182(c).].

Although that section on its face refers only to resident aliens who voluntarily have temporarily left the country and are seeking readmission, the Service has determined that section 212(c) discretionary relief may be granted in deportation proceedings under section 241(a)(11). *See Matter of Marin*, Interim Decision 2666 (BIA 1978); *Matter of Silva-Ovalle*, Interim Decision 2532 (BIA 1976).

At his deportation hearing, Bowe sought to establish, as grounds for granting him relief from deportation, that he was fully rehabilitated following the drug offense and that his family would suffer severe hardship if he were deported. The immigration judge heard testimony on those issues from Bowe and his employer, but the judge refused to allow Bowe's mother, fiancee, and the father of his fiancee (a San Francisco police officer) to testify in support of Bowe's claim to be rehabilitated. The judge also rejected Bowe's request for a subpoena to allow his parole officer to testify as to his reformation.

for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate[.]

In a decision and order dated August 29, 1977, the immigration judge denied Bowe's application for a section 212(c) waiver of deportation on the ground that

[i]n view of the large amount of cocaine involved and the recentness of [Bowe's] conviction this does not appear to be a case which merits the favorable exercise of administrative discretion.

On review, the Board of Immigration Appeals (Board) agreed that Bowe's case did not warrant "discretionary relief under section 212(c)," because of the quantity of cocaine implicated in Bowe's offense and because "[t]his is a recent conviction *and the record is bare of any rehabilitation.*" *In re Bowe*, BIA order, February 14, 1978 (emphasis added).

## II. *The Issues Presented.*

Bowe brought this petition for review of the Board's decision, under 8 U.S.C. § 1105a (1976), raising two issues: (1) whether the immigration judge's refusal to hear certain testimony regarding Bowe's rehabilitation amounted to a denial of due process and (2) whether the immigration judge and the Board acted arbitrarily and capriciously in rejecting Bowe's request for a waiver of deportation. The panel need reach only the first of these issues regarding the adequacy of the administrative hearing afforded Bowe on his application for a section 212(c) waiver of deportation.

The majority deems as harmless error any defects in the hearing on Bowe's application for relief, on the basis that the Service possesses no authority in any event to grant discretionary relief under section 212(c) to drug offenders such as Bowe. In support of that conclusion, the majority relies upon a line of cases beginning with *Arias-Uribe v. I&NS*, 466 F.2d 1198 (9th Cir. 1972).[2]

2. In *Arias-Uribe, supra,* the court agreed with what was then the position of the Service that

[t]he Attorney General is not given discretion [under section 212(c) of the Act] to waive or suspend deportation for narcotics offenders[.] [466 F.2d at 1199.]

The *Arias-Uribe* court read section 212(c) as restricted to its express terms, which refer only

I must strongly disagree with the majority's decision. The doctrine of harmless error does not apply here. Notwithstanding this circuit's contrary reading of the Act, the Service interprets section 212(c) of the Act as authorizing it to waive deportation of narcotics offenders.[3] Thus, if Bowe had been given a full and fair opportunity to present his case, he might have persuaded the Service to grant him such discretionary relief from deportation. As only an adversary affected alien may appeal a final administrative decision of the Service, 8 U.S.C. § 1105a (1976), a determination by the Service that deportation should be waived under section 212(c) would not be subject to judicial review and would stand regardless of this circuit's view, expressed in the *Arias-Uribe* line of cases, that such relief is impermissible under the statute. Therefore, *Arias-Uribe* and its progeny do not apply to the due process issues presented on this appeal.

The issue that we need to address on this appeal is whether the Service afforded Bowe a constitutionally adequate hearing on his application for a waiver of deportability. On that issue, I would agree with Bowe's contention that he was denied his due process right to present evidence on his own behalf. In brief, the rulings of the immigration judge prevented Bowe from obtaining a full and fair hearing upon which the Board might exercise its discretion, under its construction of section 212(c), to grant or to deny relief from deportation. For this error, the Board's decision should be vacated, and the case should be remanded to the Board to permit Bowe to present additional evidence pertaining to the appropriateness of a waiver of deportability in this case. *See Vissian v. I&NS,* 548 F.2d 325 (10th Cir. 1977). *Cf. Antolos v. I&NS,* 402 F.2d 463, 464 (9th Cir. 1968).

to "[a]liens * * * *returning* to a lawful unrelinquished domicile * * * " (emphasis added). The majority here also cites as support for its conclusion *Nicholas v. I&NS,* 590 F.2d 802 (9th Cir. 1979), and *Dunn v. I&NS,* 499 F.2d 856 (9th Cir. 1974), *cert. denied,* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975), which follow *Arias-Uribe* without further analysis.

The Second Circuit, in *Francis v. I&NS,* 532 F.2d 268 (2d Cir. 1976), held that the restrictive construction of section 212(c) upheld in *Arias-Uribe* is unconstitutional in drawing a line between (a) alien permanent residents who briefly left the country after becoming deportable and are seeking readmission under section 212(c), and (b) alien permanent residents, otherwise identically situated, who remained in the United States after becoming deportable and seek to resist deportation.

Following the Second Circuit's decision in *Francis,* the Board of Immigration Appeals withdrew from its prior position adopted by this circuit in *Arias-Uribe* and concluded to the contrary, that

under the provisions of section 212(c) of the Act, a waiver of the ground of inadmissibility may be granted to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the act or acts which render him deportable. [*Matter of Basilico Silva-Ovalle,* Interim Decision 2532 (BIA 1976), *quoted in Vissian v. I&NS,* 548 F.2d 325, 328 n.3 (10th Cir. 1977).]

The Board's subsequent decision in *Matter of Marin,* Interim Decision 2666 (BIA Aug. 4, 1978), confirms that the Service considers section 212(c) applicable in deportation proceedings under section 241(a)(11), as in this case.

