MATTER OF BOWE

In Deportation Proceedings

A-17261914

*Decided by Board August 28, 1980; December 17, 1980
and April 23, 1981*

(1) In *Bowe v. INS,* 597 F.2d 1158 (9 Cir. 1979), and *Nicholas v. INS,* 590 F.2d 802 (9 Cir. 1979), the Ninth Circuit held that relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), was unavailable to aliens who are deportable under section 241(a)(11) of the Act, 8 U.S.C. 1251(a)(11).

(2) Board was bound by these Ninth Circuit decisions regarding unavailability of section 212(c) waivers to aliens facing deportation under section 241(a)(11) in the Ninth Circuit.

(3) Where the Ninth Circuit in *Tapia-Acuna v. INS,* 640 F.2d 223 (9 Cir. 1981), reverses its prior decisions in *Bowe v. INS, supra,* and *Nicholas, supra,* and where the Immigration and Naturalization Service withdraws request for certification of case to Attorney General, Board remands record to enable respondent to present section 212(c) application to immigration judge, as such relief is again available in that Circuit.

CHARGE:

Order:  Act of 1952—Sec. 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of law relating to narcotic drugs or marijuana

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
517 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Paul W. Schmidt
Deputy General Counsel

Jim Tom Haynes
Appellate Trial Attorney

**BEFORE THE BOARD**
August 28, 1980

BY:  Milhollan, Chairman; Maniatis, and Farb, Board Members. Board Member Maguire, Concurring; Board Member Appleman, Dissenting.

The respondent has filed a motion to reopen his deportation proceedings so that he may file an application for a waiver under section 212(c)

of the Immigration and Nationality Act, 8 U.S.C. 1182(c), in conjunction with an adjustment of status application under section 245 of the Act, 8 U.S.C. 1255. The Immigration and Naturalization Service does not oppose the motion. Nevertheless, the motion will be denied.

Previously, on February 14, 1978, this Board denied the respondent's 212(c) application as a matter of discretion. The United States Court of Appeals for the Ninth Circuit, on April 23, 1979, affirmed the Board on the ground that 212(c) relief is unavailable to an alien who is deportable for a drug offense under section 241(a)(11) of the Act, 8 U.S.C. 1251(a)(11). *Bowe* v. *INS*, 597 F.2d 1158 (9 Cir. 1979). The respondent argues that he can obtain the relief now sought, despite the ruling of the Ninth Circuit, because the 212(c) application previously before the Board and the Court was not made in conjunction with an adjustment application.[1] The Service, in its memorandum supporting the motion, urges the Board to disregard the Ninth Circuit precedent decisions cited in *Bowe* and to adhere to the Board's decision in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976). We stated there, following *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976), that an alien convicted of a crime which renders him excludable is eligible to apply in deportation proceedings for the benefits of section 212(c) if he has the requisite lawful unrelinquished domicile, even if he is not an applicant for readmission from outside the United States, and has not been such an applicant since the act which rendered him excludable.

We do not accept the Service's suggestion that *Matter of Mangabat*, 14 I&N Dec. 75 (BIA 1972), *aff'd*, 477 F.2d 108 (9 Cir. 1973), *cert. denied*, 414 U.S. 841 (1973), allows us to reject Ninth Circuit precedents regarding section 212(c) in the case now before us. In *Matter of Mangabat*, the Board declined to apply a Ninth Circuit precedent in a case arising in that circuit. It was emphasized, however, that the position taken by the Ninth Circuit on the issue involved there (the availability of section 241(f) relief) had been expressly disapproved by the Attorney General, and the Solicitor General had challenged the Court's position in a petition for certiorari filed in the Supreme Court. In the present case, no representation has been made that the Attorney General agrees with the Service's position that the Ninth Circuit has erred in its interpretation of section 212(c), and that he is willing to support a petition for certiorari to the Supreme Court in an appropriate case. The fact that the respondent's 212(c) application is now made in conjunction with a 245 application does not change the fact that in

---

[1] The respondent married a United States citizen on December 9, 1977. A visa petition was filed by the respondent's wife on October 11, 1979, together with the respondent's I-485 adjustment application. Also, the respondent recently completed his period of probation (evidence of rehabilitation relevant to applications for discretionary relief).

*Bowe,* the Court flatly stated that 212(c) relief is unavailable to aliens facing deportation under section 241(a)(11) for drug offenses. Furthermore, we disagree that we are free to decline to follow the Ninth Circuit's decision in *Bowe, supra,* in Bowe's own case. We believe that the Court's decision in *Bowe* is, res judicata and binding on this Board.

Although the Court cites in *Bowe, id.,* a series of Ninth Circuit decisions as if they consistently provided the same legal interpretation, analysis reveals variations which leave us confused. This line of cases began with *Arias-Uribe v. INS,* 466 F.2d 1198 (9 Cir. 1972). *Arias-Uribe* involved an alien who was deportable under section 241(a)(11) for a narcotics violation, and who sought relief from deportation under section 212(c). The Court discussed certain Board decisions regarding the availability of 212(c) relief in deportation proceedings, but distinguished them from the case before it because the aliens in the Board cases had been excludable at the time they last entered the United States.[2] Of these cases, the Court wrote,

> The Board held that discretionary relief was available and might be granted to effect a retroactive waiver of the ground of excludability existing at the time of the subject's entry and that if such relief was granted, then the basis for his deportation was entirely eliminated. Petitioner, however, is in a different situation. His deportation is sought, not because he was *excludable at the time he last entered* the United States, but because he was convicted of a narcotics offense *after entering the United States.* The Attorney General is not given discretion by the immigration laws to waive or suspend deportation for narcotics offenders, nor is he authorized, once proceedings under § 241(a) are begun, to allow such persons to leave the country voluntarily in lieu of deportation. *See* 8 U.S.C. § 1254(a), (e).[3] *Id.* at 1199. (Emphasis added.)

The actual holding in this case is somewhat unclear, especially given the last sentence in the quoted passage, but we read the decision to mean that the respondent could not obtain a 212(c) waiver because he had not departed from the United States since the commission of the act which rendered him excludable. A *nunc pro tunc* waiver of excludability could thus not be used, as it had been in the Board cases cited. The headnote in *Arias-Uribe, id.,* appear to say that ineligibility for 212(c) relief arises from the drug related nature of the ground of deportability, but that is not our understanding of what the decision

---

[2] The cases distinguished by the Court were *Matter of Eng,* 12 I&N Dec. 855 (BIA 1968), *Matter of G—A—,* 7 I&N Dec. 274 (BIA 1956), and *Matter of S—,* 6 I&N Dec. 392 (BIA 1954, A.G. 1955). *Matter of Smith,* 11 I&N Dec. 325 (BIA 1965) was also mentioned, but distinguished on other grounds in a footnote. *Smith* will be discussed at further length, *infra.*

[3] We note that, contrary to the Court's statement, section 244(a)(2) of the Act, 8 U.S.C. 1254(a)(2) does allow narcotics offenders to obtain suspension of deportation, albeit under somewhat more limited circumstances than other deportable aliens. Similarly, section 244(e) makes voluntary departure more difficult for drug offenders to obtain, but not impossible. Neither section 244(a) nor (e) mentions waivers of deportability at all.

itself says. We believe the case is more properly read to stand for the proposition that 212(c) relief was unavailable because the respondent had not departed from the United States since the time of his conviction.

Our interpretation of *Arias-Uribe, id.,* is supported by the next Ninth Circuit case to address section 212(c), *Dunn* v. *INS,* 499 F.2d 856 (9 Cir. 1974), *cert. denied,* 419 U.S. 1106 (1975). This case, like *Arias-Uribe,* involved an alien who was deportable under section 241(a)(11) of the Act. *Dunn* did not discuss 212(c) at any length; rather, it quickly disposed of the respondent's 212(c) claim by stating,

> Petitioner urges that he should be eligible for discretionary relief from deportation under 212(c) of the Act, 8 U.S.C. § 1182(c), even though he is not technically "returning to the United States after a voluntary departure." In effect Petitioner is requesting advance permission to return to an unrelinquished domicile, despite the fact that otherwise he would be ineligible for admittance under 212(a)(23), 8 U.S.C. § 1182(a)(23), as an "alien who has been convicted of a violation of . . . any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana."
>
> As petitioner recognizes in his brief, this precise contention was rejected by this court in *Arias-Uribe* v. *Immigration and Naturalization Service,* 466 F.2d 1198 (9 Cir. 1972). We remain persuaded that this case properly interprets the statute. *Id.* at 857-858.

Despite another somewhat misleading headnote, we believe that the key to the result in *Dunn,* like that in *Arias-Uribe, supra,* is the absence of a departure after the alien's excludable act. That the excludable act in both cases happened to be a drug offense appears to be incidental, not determinative.

The next two cases of interest are *Nicholas* v. *INS,* 590 F.2d 802 (9 Cir. 1979), and *Bowe, supra.* In *Nicholas,* the Court addressed several issues, but with respect to 212(c) it had only this to say: "Relief under 212(c) has been held to be unavailable to an alien facing deportation for conviction of a drug-related crime, pursuant to 8 U.S.C. 1251(a)(11)." The authority it cites for this rule: *Arias-Uribe, supra,* and *Dunn, supra. Bowe, supra,* cited this exact language in finding this respondent ineligible for 212(c) relief. It simply added *Nicholas, supra,* to its list of authority. No further discussion of the issue was offered.

Another Ninth Circuit case to mention section 212(c), *Castillo Felix* v. *INS,* 601 F.2d 459 (9 Cir. 1979), did not involve alien drug offender, and did not directly address the problems at issue here. In an interesting footnote, however, the Court mentioned "an apparent conflict between this circuit and the Second Circuit," noting that the Second Circuit in *Francis* v. *INS, supra,* held that the denial of section 212(c) relief to aliens who had not fortuitously departed from the United States after committing an excludable offense, while granting it to those who had, was a violation of equal protection. The Second Circuit

itself says. We believe the case is more properly read to stand for the proposition that 212(c) relief was unavailable because the respondent had not departed from the United States since the time of his conviction.

Our interpretation of *Arias-Uribe, id.*, is supported by the next Ninth Circuit case to address section 212(c), *Dunn v. INS*, 499 F.2d 856 (9 Cir. 1974), *cert. denied*, 419 U.S. 1106 (1975). This case, like *Arias-Uribe*, involved an alien who was deportable under section 241(a)(11) of the Act. *Dunn* did not discuss 212(c) at any length; rather, it quickly disposed of the respondent's 212(c) claim by stating,

> Petitioner urges that he should be eligible for discretionary relief from deportation under 212(c) of the Act, 8 U.S.C. § 1182(c), even though he is not technically "returning to the United States after a voluntary departure." In effect Petitioner is requesting advance permission to return to an unrelinquished domicile, despite the fact that otherwise he would be ineligible for admittance under 212(a)(23), 8 U.S.C. § 1182(a)(23), as an "alien who has been convicted of a violation of ... any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana."
>
> As petitioner recognizes in his brief, this precise contention was rejected by this court in *Arias-Uribe v. Immigration and Naturalization Service*, 466 F.2d 1198 (9 Cir. 1972). We remain persuaded that this case properly interprets the statute. *Id.* at 857-858.

Despite another somewhat misleading headnote, we believe that the key to the result in *Dunn*, like that in *Arias-Uribe, supra*, is the absence of a departure after the alien's excludable act. That the excludable act in both cases happened to be a drug offense appears to be incidental, not determinative.

The next two cases of interest are *Nicholas v. INS*, 590 F.2d 802 (9 Cir. 1979), and *Bowe, supra*. In *Nicholas*, the Court addressed several issues, but with respect to 212(c) it had only this to say: "Relief under 212(c) has been held to be unavailable to an alien facing deportation for conviction of a drug-related crime, pursuant to 8 U.S.C. 1251(a)(11)." The authority it cites for this rule: *Arias-Uribe, supra*, and *Dunn, supra*. *Bowe, supra*, cited this exact language in finding this respondent ineligible for 212(c) relief. It simply added *Nicholas, supra*, to its list of authority. No further discussion of the issue was offered.

Another Ninth Circuit case to mention section 212(c), *Castillo Felix v. INS*, 601 F.2d 459 (9 Cir. 1979), did not involve alien drug offender, and did not directly address the problems at issue here. In an interesting footnote, however, the Court mentioned "an apparent conflict between this circuit and the Second Circuit," noting that the Second Circuit in *Francis v. INS, supra*, held that the denial of section 212(c) relief to aliens who had not fortuitously departed from the United States after committing an excludable offense, while granting it to those who had, was a violation of equal protection. The Second Circuit

491

therefore held 212(c) to be available whether or not the "actual departure" requirement of that section had been met. The Ninth Circuit, after describing *Francis*, and adding that the INS [sic] had "acquiesced" in the *Francis* holding (in *Matter of Silva, supra*) (in fact it was this Board, not the Service, which determined to apply *Francis, supra*, nationwide), stated, "This circuit, however, continues to recognize the actual departure requirement." *Castillo-Felix* at 462, n.6. It cited for this comment its prior decisions in *Arias-Uribe, supra*, and *Dunn, supra*. *Castillo-Felix* thus lends support to our analysis of the line of Ninth Circuit 212(c) cases, and to our belief that *Nicholas* and *Bowe, supra*, misinterpreted *Arias-Uribe* and *Dunn, supra*, inasmuch as the latter two cases appear to us to turn on the lack of a departure, not on the drug-related nature of the offense.

The most recent published decision of the Ninth Circuit addressing section 212(c), *Mondragon v. Ilchert*, F.2d , No. 78-3051 (9 Cir. January 25, 1980), added further confusion to this area. In a broad holding it flatly stated that,

> Although several circuits and the Board of Immigration Appeals have extended the applicability of section 1182(c) to deportation proceedings such as this under § 1251, this circuit has declined to do so.

The cases it cited for this proposition were not *Castillo-Felix, Arias-Uribe*, or *Dunn, supra*, but rather *Bowe* and *Nicholas, supra*, the cases holding section 212(c) to be unavailable to drug offenders. *Mondragon*, we also note, did not involve an alien who was deportable on drug-related charges; it involved an alien deportable under section 241(a)(2) for entry without inspection. Also, unlike the other Ninth Circuit cases discussed, *Mondragon* involved an alien who had departed from the United States since the Act rendering him excludable. He had then reentered, and the Court found 212(c) to be unavailable simply because he was in deportation proceedings.

None of the Ninth Circuit cases discussed above has explained why section 212(c) should be unavailable to drug offenders, particularly in deportation proceedings. That section in fact includes drug offenders within its stated terms. To be sure, it specifies that the waiver is available to aliens who are excludable as drug offenders under section 212(a)(23), and does not mention aliens who are deportable as persons convicted of drug related crimes under section 241(a)(11). So far the Court has not explained how the apparently anomalous results the line of cases discussed above may produce would be reconcilable with the legislative intent that excludability of some narcotic offenders may be waived.

We are not persuaded by the respondent's argument that reopening is warranted because his case is now presented in a wholly different

posture in that his 212(c) application is now made in conjunction with a section 245 application. He claims that the actual departure requirement of *Arias-Uribe, Dunn,* and *Castillo-Felix, supra,* is met because he, as an applicant for adjustment, is now in the position of one seeking to make a new entry. He relies for this theory on *Matter of Smith,* 11 I&N Dec. 325 (BIA 1965). In Smith, which predated the *Francis* and *Silva* holdings, *supra,* this Board held that a 212(c) application could be considered in conjunction with an adjustment of status application in deportation proceedings. The rationale was that,

> An applicant for adjustment of status under section 245 stands in the same position as an applicant who seeks to enter the United States with an immigration visa for permanent residence.... Since this respondent, as an applicant for relief under section 245, is subject to all of the exclusion provisions of section 212(a), we find no valid reason for denying him the benefits of section 212(c) on the technical ground that he is not returning to the United States after a voluntary departure. *Matter of Smith, supra,* at 326-327.

*Matter of Smith, id.,* may still be relevant law in the Ninth Circuit (outside of that Circuit, where *Francis* and *Silva, supra,* control, the need for *Smith* has been obviated), but, even if accepted as the law in that Circuit[4], it would solve only the actual departure problem; it could not negate the Ninth Circuit's decisions holding 212(c) relief unavailable to drug offenders. The respondent argues that the decisions in *Nicholas* and *Bowe, supra,* were wrong in finding 212(c) unavailable to drug offenders, and that those decisions were not supported by the cases on which they relied, *Arias-Uribe* and *Dunn, supra.* We are, however, bound by the Ninth Circuit's decision in Bowe's own case, holding 212(c) strictly unavailable to him because he is deportable under section 241(a)(11). The section 245 application does not change this essential fact. Moreover, we believe that other aliens in Bowe's position, who are deportable under section 241(a)(11), are ineligible for 212(c) relief in the Ninth Circuit and that *Nicholas, supra,* and *Bowe, supra,* require this Board to find them so.

As we hold that the Court's rulings are binding upon us, we have no alternative but to deny this motion.

**ORDER:** The motion is denied.

CONCURRING OPINION: Mary P. Maguire, Board Member

While I concur in the result, I would deny the motion to reopen and

---

[4] The Ninth Circuit in *Arias-Uribe, supra,* specifically reserved the question of whether *Matter of Smith, supra,* correctly interpreted the law. *Arias-Uribe* at 1199, n.3. It thus remains an open question whether a non-departing, non-drug offender alien may obtain a 212(c) waiver in conjunction with adjustment of status in the Ninth Circuit. The recent broad holding in *Mondragon, supra,* may, however, indicate that the Ninth Circuit would not accept the *Smith* decision.

hold that an applicant for adjustment of status under section 245 of the Act is not eligible for section 212(c) relief.

This case illustrates the problems which result from strained interpretations of the Immigration and Nationality Act. The language of section 212(c) of the Immigration and Nationality Act is clear: an alien is eligible for a waiver of certain grounds of inadmissibility, including a narcotics conviction, if he is a lawful permanent resident who temporarily and voluntarily departed the United States and who is returning to a lawful unrelinquished domicile in the United States for seven consecutive years prior to reentry.

This Board began diluting such requirements in a line of cases which prompted the Second Circuit to hold in *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976), that a lawful permanent resident who became deportable after entry was eligible for section 212(c) relief even though he had never made a temporary departure and reentry. The *Francis* decision was adopted by this Board and applied on a nation wide basis in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976).

The majority states that the cases cited by the Ninth Circuit in Bowe v. *INS*, 597 F.2d 1158 (9 Cir. 1979), affirming the Board's denial in discretion of the respondent's application for section 212(c) relief, are confusing. Such confusion results from a reading of the headnotes, not from a reading of the Court's decisions. What is clear from the various Ninth Circuit decisions analyzed in the majority opinion is that the Ninth Circuit has continued to apply section 212(c) as it was intended to be applied, *i.e.*, as a waiver for a ground of excludability for a returning lawful permanent resident alien.

In my opinion, the majority erroneously reads the Ninth Circuit decisions as holding that section 212(c) relief is unavailable to drug offenders. Such a reading does not go far enough. I read Ninth Circuit decisions to hold that section 212(c) relief is available to a drug offender only if he voluntarily departs the United States and is inadmissible under section 212(a)(23) as a convicted drug offender upon his return. Since this respondent never departed the United States after his drug conviction, he is not entitled to section 212(c) relief. *Bowe* v. *INS, supra.*

Because the majority misreads the Ninth Circuit's decisions relating to the availability of section 212(c) relief, the majority finds that *Matter of Smith*, 11 I&N Dec. 325 (BIA 1965), may still be relevant law in the Ninth Circuit. In *Smith*, this Board held that a section 212(c) application could be considered in conjunction with a section 245 adjustment of status application in deportation proceedings. The majority indicates that *Smith* would solve the actual departure problem but would not negate the Ninth Circuit's decisions holding 212(c) relief unavailable to drug offenders.

494

Such a conclusion is based on an erroneous premise which indicates a lack of understanding of the Ninth Circuit position with respect to the actual departure requirement and a failure to recognize the nature of adjustment of status under section 245 of the Act. The majority, therefore, does not address fully the impact of *Smith* on this case. If one were to apply the holding in *Smith* to this respondent, he would be *prima facie* eligible to apply for section 245 adjustment of status since he is the beneficiary of an approved visa petition, has an immigrant visa immediately available to him, was inspected on his last admission, and has submitted a section 212(c) application. But *Smith* creates a fictional remedy for the non-departing alien who has become deportable after entry. It oversimplifies completely, in my opinion, the nature of adjustment of status. In *Smith*, the Board reasoned that an applicant for adjustment of status under section 245 stands in the same position as an applicant who is seeking entry into the United States with an immigrant visa for permanent residence. With that premise I have no quarrel. The Board then went on to state that an applicant for section 245 adjustment of status is subject to all of the exclusion provisions of section 212(a). Again, I have no quarrel with that statement.

However, I cannot make the leap from those two premises to the Board's conclusion in *Smith* that since the section 245 applicant is subject to all of the 212(a) exclusion provisions there is no valid reason to deny him the benefits of section 212(c) on the "technical ground" that he is not returning to the United States after a voluntary departure. The logical extension of such reasoning is to find *all* applicants for admission entitled to apply for the benefits of section 212(c) relief. Section 245 applicants are presumably not lawful permanent residents —they would have no need to apply for adjustment of status if they were permanent residents. Since they are not permanent residents, they cannot be found to be assimilated to the status of a returning resident alien who seeks relief under section 212(c) for the purpose of returning to his lawful unrelinquished 7-years continuous domicile in the United States I would, therefore, overrule *Matter of Smith, supra,* and deny the motion to reopen on the ground that an applicant for adjustment of status under section 245 is not eligible for the benefits of section 212(c).

DISSENTING OPINION: Irving A. Appleman, Board Member

I respectfully dissent.

I cannot accept the majority conclusions (a) that the Ninth Circuit precedents bar any possibility of a section 212(c) waiver in conjunction with an adjustment of status under section 245 since the respondent is

a narcotic offender and (b) that the prior holding in *Bowe* v. *INS*, 597 F.2d 1158 (9 Cir. 1979), has created an estoppel by judgment to granting the present motion.

In *Matter of Arias-Uribe*, 13 I&N Dec. 696 (BIA 1971), this Board held that an alien convicted of a narcotics offense *after* entry and therefore deportable under section 241(a)(11), was statutorily ineligible for a section 212(c) waiver, inasmuch as he was not an alien returning to the United States to resume a lawful domicile of 7 years after a temporary and voluntary absence subsequent to his conviction. We distinguished such a case from other cases in which the relief had been granted (1) *nunc pro tunc* to cure a ground of deportability originating in inadmissibility at the time of a previous entry, when the alien was eligible for the relief, *Matter of G— A—*, 7 I&N Dec. 274 (BIA 1956), or, (2) to an applicant for adjustment of status under section 245(a), 8 U.S.C. 1255(a), who, in order to meet the requirement of section 245(a)(2) that he is "eligible to receive an immigrant visa and is admissible . . .," had coupled his adjustment application with a request for a waiver under section 212(c), of a ground of inadmissibility which would otherwise have barred the adjustment. *Matter of Smith*, 11 I&N Dec. 325 (BIA 1965).

In both (1) and (2), notwithstanding the application was made during a deportation proceeding, relief under section 212(c) derived authority from the words "may be admitted" in that section, and the waivers were of specific grounds of excludability specified in that section. *See* Concurring Opinion, *Matter of Silva*, 16 I&N Dec. 26, 30 (BIA 1976). It is the second type of request which is before us today, namely, for a waiver under section 212(c) in conjunction with an application for adjustment of status.

In noting our authority to rule on such an application, in *Matter of Smith, supra*, we assimilated an applicant for section 245 adjustment of status (the Immigration and Nationality Act replacement for the cumbersome and expensive "preexamination" procedure which had evolved under prior legislation) to an applicant seeking to enter the United States with an immigration visa. .

The Ninth Circuit has repeatedly held that an alien seeking adjustment under section 245 is assimilated to an alien seeking to enter the United States for permanent residence. Thus, in *Amarante* v. *Rosenberg*, 326 F.2d 58 (9 Cir. 1964), the Court held that the Attorney General's action in adjusting an alien's status to that of a permanent resident "is equivalent to the issuance of a visa by a United States Consul outside the United States." *Id.* at 61. Final authority "rests with the consular office (*or Attorney General under section 245*) who grants the alien's application and actually accords the nonquota status." *Id.* at 62 (emphasis supplied). *See also Campos* v. *INS*, 402 F.2d

758 (9 Cir. 1968); *Hamid* v. *INS*, 538 F.2d 1389, 1390 (9 Cir. 1976). *Cf. Khadjenouri* v. *INS*, 460 F.2d 461 (9 Cir. 1972).

It is against this background that *Arias-Uribe* v. *INS*, 466 F.2d 1198 (9 Cir. 1972), and succeeding cases of the Ninth Circuit, should be read. Rather than reflecting inconsistency, the Ninth Circuit decisions have uniformly required compliance with the express terms of section 212(c). The relief cannot be considered unless it involves a waiver of a specified ground of excludability which would prevent an otherwise lawful permanent resident from resuming a lawful domicile here. In *Arias-Uribe* v. *INS*, the Court pointed out that the alien's deportation was not sought because he was excludable at the time he last entered the United States, but because he was convicted of a narcotics offense *after* entering the United States, and hence he did not come within the language of 212(c).

Significantly, in a footnote, the Court said as to the Board's holding in *Matter of Smith, supra*, respecting the availability of section 212(c) in conjunction with an adjustment of status, "We need not decide whether this interpretation is correct since adjustment of status is unavailable to natives of any country in the Western Hemisphere."[1] *Arias-Uribe* v. *INS*, at 1199, n.3.

So far as known, to date the Ninth Circuit has not passed on the availability of section 212(c) relief in conjunction with an application for adjustment of status. The respondent has moved to reopen his deportation proceedings. He has alleged that he married a United States citizen subsequent to his hearing and that she has filed a visa petition for him. He has completed his period of probation. He has filed an application under section 245 and claims to be eligible for that relief (*see Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978)). He now requests consideration of a waiver under section 212(c), of inadmissibility under section 212(a)(23) because of his narcotics conviction, in conjunction with his application for adjustment. His application and these facts were not before the Court when it decided *Bowe* v. *INS, supra*; neither was the issue of availability of section 212(c) relief in conjunction with section 245. I know of no holding of that circuit which dictates an adverse ruling on the point. Since there was no adjudication in *Bowe* v. *INS*, of the question now raised before us, and the issue was not previously litigated, I do not regard the decision of the court as an estoppel by judgment on this point of law. *In re Yarn Processing Patent Validity Litigation*, 498 F.2d 271, 278 (5 Cir. 1974), *cert. denied*, 419 U.S. 1057 (1974).

I am equally unable to go along with the majority's additional basis

---

[1] This provision has since been deleted. Section 245(c) as amended by section 6, Act of October 20, 1976, Pub. L. 94-571, 90 Stat. 2706

for denial, that relief is barred merely because Bowe is deportable under section 241(a)(11). In *Arias-Uribe* v. *INS, supra,* the Court accepted the reasoning of the Board, that the relief was unavailable because deportability arose from circumstances occurring *after* the alien's entry, whereas section 212(c), by its literal language, pertains only to inadmissibility at the time an entry either occurred, or will occur. The Court's further comments in *Arias-Uribe* respecting deportability arising from a narcotics offense, are dicta, which only emphasize the distinction between an exclusion ground and a deportation ground, in the exercise of this particular relief. The reference to drug offenders in succeeding decisions which rely on *Arias-Uribe* would seem to be largely a fortuitous circumstance, stemming from the nature of the deportation charge in each of those cases. *See Dunn* v. *INS,* 499 F.2d 856 (9 Cir. 1974), *cert. denied.,* 419 U.S. 1106 (1975); *Nicholas* v. *INS,* 590 F.2d 802 (9 Cir. 1979); *Bowe* v. *INS, supra.* There is no legal basis for distinguishing drug offenders from other deportable aliens in these circumstances.

That the result would have been the same for any deportation charge not tied to an entry, gains some support from *Castillo-Felix* v. *INS,* 601 F.2d 459 (9 Cir. 1979), a recent Ninth Circuit decision where the deportation charge was not drug related, but in which the Court rejected the relief. In *Castillo-Felix* also, the Court, in noting its apparent conflict with the Second Circuit decision in *Francis* v. *INS,* 532 F.2d 268 (2 Cir. 1976), stated, "This circuit, however, continues to recognize the actual departure requirement," citing *Arias-Uribe, supra* —language which one may interpret as meaning the relief is available only in connection with reentry after a departure (real or assimilated), and then only for waiver of a ground of excludability specified in section 212(c). *See also Mondragon* v. *Ilchert,* F.2d No. 78-3051 (9 Cir. January 25, 1980). I therefore differ with so much of the majority decision as would find the respondent automatically barred from the relief merely because he is a drug offender. There is a substantial difference between a waiver of a ground of deportation under section 241(a)(11), which was rejected in *Bowe* v. *INS, supra,* and a waiver of an exclusion ground under section 212(a)(23), which he now seeks, and which is included in the specified grounds of section 212(c).

Clearly the Ninth Circuit is unwilling to accept section 212(c) as an alternate deportation relief standing by itself. Its rejection of *Francis, supra,* makes this clear once again. It has consistently held to this position. *Mondragon* v. *Ilchert, supra,* cited by the majority, is but another example of this. *Mondragon* was charged under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2), with having entered without inspection. There is no provision in section 212(c), as a matter of law,

498

for a waiver of such a charge. It is not a specified ground of exclusion, nor is there even an exclusion ground comparable to the deportation ground. *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979). However, it does not follow that section 212(c) relief, when it concerns a waiver of a ground of excludability that is within the express language of the section, and is coupled with the safeguards written into the adjustment procedure by the statute and implementing regulations, would not be acceptable to that Court. In any event, I am unwilling to reach that conclusion in the present state of the law and am unwilling to accept what I regard as an oversimplistic analysis of *Bowe v. INS*, *supra*, and related cases.

I would grant the motion and direct reopening of the proceedings.

## BEFORE THE BOARD
December 17, 1980

By: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The Immigration and Naturalization Service has filed a motion for reconsideration of our decision, dated August 28, 1980, in the above-named case. In our prior decision, we denied the respondent's unopposed motion to reopen his deportation proceedings to enable him to apply for a waiver under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), in conjunction with an adjustment of status application under section 245 of the Act, 8 U.S.C. 1255. *Matter of Bowe*, Interim Decision 2819 (BIA 1980). The motion to reconsider will be denied.

In our decision of August 28, 1980, we found that, under Ninth Circuit precedent as set forth in *Bowe v. INS*, 597 F.2d 1158 (9 Cir. 1979) and *Nicholas v. INS*, 590 F.2d 802 (9 Cir. 1979), we were precluded from finding the respondent eligible for 212(c) relief because he is deportable under section 241(a)(11) of the Act, 8 U.S.C. 1251(a)(11). Both counsel for the respondent, and for the Service, had argued that the Court's decisions in *Bowe v. INS*, supra, and *Nicholas, supra*, were not supported by prior Ninth Circuit case law, were not consistent with Service and Board positions regarding 212(c) relief,[1] and that those

---

[1] The Board in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976), decided to follow the Second Circuit's decision in *Francis v. INS*, 532 F.2d 268 (2 Cir. 1976), in which it was held that 212(c) relief is available to a permanent resident alien who has the requisite lawful unrelinquished domicile, including one convicted of a narcotics offense and deportable under section 241(a)(11), regardless of whether or not that alien had departed from the United States since his excludable act.

precedents need not and should not be followed. The majority of this Board disagreed. It was determined that the Ninth Circuit precedents had to be followed in cases arising in that circuit, and that the adjustment of status application filed with the 212(c) application did not enable us to ignore the Ninth Circuit holdings that "Relief under section 212(c) has been held to be unavailable to an alien facing deportation for conviction of a drug-related crime, pursuant to 8 U.S.C. 1251(a)(11)." *Bowe* v. *INS, supra,* at 1158; *Nicholas, supra,* at 808.

In its present motion to reconsider, the Service argues that this Board is not bound by Ninth Circuit precedents in the section 212(c) area. It now bolsters this argument by pointing out that, subsequent to our decision in *Matter of Bowe, supra,* the Solicitor General on October 2, 1980, filed a brief with the Supreme Court in support of its petition for a writ of certiorari in the case of *Tapia-Acuna* v. *INS,* No. 80-74, U.S.L.W. 3165. The petition for writ of certiorari was filed with the Supreme Court on July 17, 1980, but neither the petition, nor the reason for it, was made known to this Board prior to our decision in *Matter of Bowe, supra.* The brief urged the Court to remand the case to the Ninth Circuit for reconsideration of that Court's prior decision denying the alien 212(c) relief. The Government requested that the Ninth Circuit be given the opportunity to reconsider its decision in light of the present government position that 212(c) should be available to drug-offenders in deportation proceedings even in the Ninth Circuit, and that the Ninth Circuit decisions holding the relief to be unavailable to such aliens are incorrect.

Although the Solicitor General in his brief before the Supreme Court specifically stated that it was the Government's position that *Bowe* v. *INS, supra* and *Nicholas, supra,* "are erroneous and should be overruled," and although there exists a clear conflict among the circuits regarding the availability of 212(c) relief, thus paving the way for the Supreme Court to make a ruling on the merits of this issue, the Solicitor General did not seek a decision on the merits of the issue. Rather, he specifically sought a remand of the case to enable the Ninth Circuit to reconsider in view of the present government position. As the Ninth Circuit has for 4 years been aware of the *Francis* decision, *supra,* and of this Board's decision to apply *Francis* everywhere except in the Ninth Circuit, but has in dictum expressed its disapproval of those decisions,[2] it is interesting that the Solicitor General sought the opportunity to ask the Court of Appeals to change its prior decisions, instead of seeking to litigate the basic question before the Supreme Court, and obtain a definitive decision there. In any event, the Supreme

---

[2] *See Mondragon* v. *Ilchert,*        F.2d      , No. 78-3051 (9 Cir. January 25, 1980); *Castillo-Felix* v. *INS,* 601 F.2d 459, n.6 at 462 (9 Cir. 1979).

Court on November 3, 1980, granted the writ of certiorari, and granted the Government's request that the case be remanded to the Ninth Circuit "for further consideration in light of the position presently asserted by the Solicitor General in his brief filed October 3, 1980." *Tapia-Acuna v. INS,* 101 S. Ct. 344 (1980).

Thus, the very issue presently before us in this case, the availability of 212(c) relief in the Ninth Circuit to aliens deportable under section 241(a)(11), is presently pending before the Ninth Circuit Court of Appeals, by order of the United States Supreme Court. Under these circumstances, it would be presumptuous for this Board to now reconsider this issue, as it has been specifically reserved to the Ninth Circuit to reconsider it. The only appropriate course is to deny this motion and await the outcome of the *Tapia-Acuna v. INS* remand, *supra,* or of another Ninth Circuit decision in this area, one which we hope would address all of the problems raised in our prior decision in this case.

In view of our determination that the Supreme Court's disposition of the *Tapia-Acuna v. INS* case, *supra,* makes it inappropriate for us to grant the Service's motion to reconsider, we need not address the other arguments made by the Service in its motion.

ORDER: The motion to reconsider is denied.

## BEFORE THE BOARD
### April 23, 1981

By: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In our decision of August 28, 1980, we denied the respondent's unopposed motion to reopen his deportation proceedings to enable him to apply for a waiver under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), in conjunction with an adjustment of status application under section 245 of the Act, 8 U.S.C. 1255. Subsequently, the Immigration and Naturalization Service filed a motion for reconsideration of that decision. In our decision dated December 17, 1980, we concluded that the United States Supreme Court's decision in *Tapia-Acuna v. INS,* 101 S. Ct. 344 (1980), made it inappropriate for us to grant the Service's motion. Accordingly, the motion to reconsider was denied.

On February 20, 1981, in accordance with the request of the Acting Commissioner of the Service, our decision of December 17, 1980 was certified to the Attorney General for review pursuant to 8 C.F.R. 3.1(h)(1)(iii). The request for certification was withdrawn by the Service in a memorandum dated March 25, 1981, and the record of proceed-

ings was returned to us for appropriate action.

In light of the above chronology of events and the decision of the United States Court of Appeals for the Ninth Circuit in *Tapia-Acuna* v. *INS*, 640 F.2d 223 (9 Cir. 1981), we shall reopen these proceedings on our own motion and remand the record to enable the respondent to fully present his application for relief under section 212(c) of the Act, predicated upon the present facts, before an immigration judge.

ORDER: The proceedings are reopened and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.