**Anthony Philip VISSIAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 75–1779.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 20, 1976.

Decided Jan. 20, 1977.

Jeffrey C. Pond of Holland & Hart, Denver, Colo., for petitioner.

Robert Kendall, Jr., Washington, D. C. (Philip Wilens, Acting Chief, Government Regulations and Labor Section, Crim. Div., and James P. Morris, Dept. of Justice, Washington D. C., were with him on the brief), for respondent.

Before LEWIS, Chief Judge, and BREIT-ENSTEIN and SETH, Circuit Judges.

LEWIS, Chief Judge.

Petitioner Vissian seeks review of a final order of deportation entered by the Board of Immigration Appeals (the Board) pursuant to section 241(a)(11) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1251(a)(11), following his conviction in Australia for importation of marijuana and cocaine.[1] Vissian does not challenge the factual basis for this order, but denies deportability and claims he was wrongfully precluded from applying to the Attorney

---

1. Jurisdiction is conferred by section 106 of the Act, 8 U.S.C. § 1105a.

General for a discretionary waiver of excludability under section 212(c) of the Act, 8 U.S.C. § 1182(c). Vissian also contends the Board erred in concluding that even if he was eligible to apply for a waiver, a favorable exercise of discretion was not warranted.

Vissian, an unmarried alien and a native and citizen of Great Britain, was admitted to the United States for permanent residence in 1963. On September 3, 1971, while on vacation from the United States, Vissian entered a plea of guilty in the Court of Quarter Sessions for the State of New South Wales, Sydney, Australia, to a charge of importation of cannabis and cocaine. Immediately after this conviction Vissian left Australia to return to the United States and was admitted without challenge in Hawaii upon presentation of his alien registration card. Vissian remained in this country until April of 1972 when he left for a six-week vacation in the Bahamas. Upon his return to the United States on May 4, 1972, Vissian again sought admission as a returning resident alien. This application was denied on the basis of information received by the inspecting officer relating to Vissian's conviction in Australia. Vissian was paroled into the United States for further inspection.

By notice dated July 10, 1972, the Immigration and Naturalization Service (the Service) instituted exclusion proceedings under section 212(a)(23) and detained Vissian for hearing pursuant to section 235(b). At a hearing held August 30, 1972, the immigration judge terminated the exclusion proceedings, finding that under the rule of *Rosenberg v. Fleuti*, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000, the United States lacked jurisdiction to exclude Vissian since he was not charged with being excludable at the time of his initial return from Australia and had done nothing to place himself in an excludable class during his later vacation in the Bahamas.

The Service subsequently instituted deportation proceedings on November 21, 1972, by issuing an order to show cause and notice of hearing charging deportability under section 241(a)(11). Hearing was held on January 23, 1973, at which Vissian requested the opportunity to apply for discretionary relief under section 212(c). This request was denied. On January 30, 1973, the Special Inquiry Officer issued an order holding Vissian ineligible for section 212(c) relief, stating that even if the application were allowed it would be denied, and finding Vissian deportable as charged. On June 11, 1974, the Board affirmed the Special Inquiry Officer's decision that a favorable exercise of discretion was not warranted, without ruling on the question of Vissian's eligibility to apply for section 212(c) relief, and entered a final order of deportation.

Vissian's first appellate contention is that he was wrongfully precluded from applying for discretionary relief from deportation under section 212(c). This section provides:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section. . . .

Subsection (a) specifies 31 classes of aliens to be excluded from admission to the United States, including aliens convicted of marijuana and narcotics offenses. Section 212(a)(23). Aliens who would have been excludable under one of these classifications at the time they sought admission into the United States are also deportable after they have been admitted under section 241(a)(1). It is conceded that had Vissian been charged with deportability under this latter section, a waiver of excludability under section 212(c), *nunc pro tunc* would have "cured" the grounds for exclusion at the time of entry, thereby eliminating the basis for deportability under section 241(a)(1) as well. *Matter of G.A.,* 7 I. & N. Dec. 274 (1956). However, since Vissian was charged with deportability under section 241(a)(11), providing for the deportation of

aliens convicted of marijuana and narcotics offenses in essentially the same language as contained in section 212(a)(23), relating to exclusion, the immigration judge took the position that section 212(c) relief was not available.

For sometime the question seemed undecided as to whether 212(c) relief could be granted to cure a ground of deportability not bottomed in excludability under Section 212 of the Immigration and Nationality Act. It is my belief that it has become firmly established at this time that such relief is not available to an alien who is not charged under Section 212 of the Act. In other words, if the alien is not charged with the ground of deportability, based on excludability at entry, Section 212(c) relief is not available.

This position was apparently based on the decision of the Board in *Matter of Arias-Uribe,* 13 I. & N. Dec. 696 (1971), *aff'd per curiam Arias-Uribe v. INS,* 9 Cir., 466 F.2d 1198; *accord Dunn v. INS,* 9 Cir., 499 F.2d 856, *cert. denied,* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801.

On appeal the Board took the position that it need not decide the question of Vissian's eligibility for section 212(c) relief since even if he was eligible a favorable exercise of discretion was not warranted.

Assuming *arguendo* that the respondent [Vissian] is eligible to receive a section 212(c) waiver nunc pro tunc, and that such waiver would cure the ground of

deportability under section 241(a)(11), we nevertheless agree with the immigration judge that a favorable exercise of discretion is not warranted.

This assumption demonstrated considerable prescience in light of a subsequent decision by the Second Circuit that the availability of section 212(c) relief in section 241(a)(1) deportation proceedings but not in section 241(a)(11) proceedings constituted a denial of the equal protection of the laws.[2] Indeed, the Board has now recognized and acquiesced in this position.[3]

█ Notwithstanding this favorable assumption by the Board, Vissian contends the Board was also required to make an explicit ruling on the question of eligibility for section 212(c) relief before proceeding to rule on whether relief was warranted. The only authority advanced in support of this position is *Bagamasbad v. INS,* 3 Cir., 531 F.2d 111 (en banc). During the pendency of this appeal, however, *Bagamasbad* was reversed by the Supreme Court. *INS v. Bagamasbad,* —— U.S. ——, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976). We must therefore conclude that the Attorney General (or his representative) may pretermit a ruling on eligibility to apply for section 212(c) relief in cases where such relief would not be granted in any event.

█ Vissian's final contention on appeal is that the Board erred in affirming the decision of the immigration judge that a favorable exercise of discretion was not warranted. In reviewing the exercise of

**2.** Noting that the only difference between aliens charged with deportability under section 241(a)(1) and those charged under section 241(a)(11) was the temporary absence from the country of the former group, the Second Circuit held:

Fundamental fairness dictates that permanent resident aliens who are in like circumstances, but for irrelevant and fortuitous factors [i. e., temporary absence from the country], be treated in a like manner. We do not dispute the power of the Congress to create different standards of admission and deportation for different groups of aliens. However, once those choices are made, individuals within a particular group may not be subjected to disparate treatment on criteria wholly unrelated to any legitimate governmental in-

terest. We find that the Board's interpretation of Section 212(c) is unconstitutional as applied to this petitioner.

*Francis v. INS,* 2 Cir., 532 F.2d 268, 273.

**3.** In view of the ruling of the Court of Appeals for the Second Circuit in *Francis v. INS,* we withdraw from the contrary position expressed by this Board in *Matter of Francis,* supra and *Matter of Arias-Uribe,* supra. We conclude that, under the provisions of section 212(c) of the Act, a waiver of the ground of inadmissibility may be granted to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the act or acts which render him deportable. *Matter of Basilico Silva-Ovalle,* —— I. & N. Dec. ——, —— (1976).

discretion by an administrative officer in deportation proceedings we are limited "to consideration of the administrative record upon which the deportation order is based," and "to insuring that this discretion is not abused and that petitioner has been afforded a full and fair hearing that comports with due process." *Pilapil v. INS,* 10 Cir., 424 F.2d 6, 9, *cert. denied,* 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147; *accord Burquez v. INS,* 10 Cir., 513 F.2d 751.

Our review of the opinion issued by the Board discloses no discussion or explanation of the grounds for denying discretionary relief—the only reference to this issue consisting of a conclusory approval of the immigration judge's decision. (". . . [We] agree with the immigration judge that a favorable exercise of discretion is not warranted." A.R. at 3.) The opinion of the immigration judge offers little more guidance:

> The grounds [for the denial] are simply as follows: the respondent is single, he supports no one in the United States except himself, no one but himself would suffer if indeed he would suffer if he were removed from the United States. The conviction took place less than a year and a half ago and it is clear that there is not enough time to show a reformation. This is clear even though the respondent has submitted a number of letters of recommendation . . . . .
>
> It is further taken into account that Congress has steadfastly refused to provide any exemption or exception in the

statutes relating to the deportation of aliens who have been convicted of violation of statutes relating to the control of narcotic drugs or marijuana. . . . A.R. at 28.

■ The Service contends this explanation was sufficient since it followed the guidelines for the exercise of discretion enunciated in *Matter of M—,* 3 I. & N. Dec. 894. There the Board recognized that the exercise of administrative discretion must be based on certain "predetermined standards" and required a consideration of ". . . (1) The social and humane problems involved and (2) the alien's undesirability as evidenced by the crime for which he has been convicted." *Id.* at 905. Since the immigration judge's opinion referred to Vissian's single status as well as his conviction for a marijuana and narcotics offense, the Service postulates that the "humanitarian" and "desirability" factors were considered by the hearing officer.[4] From this the Service concludes the decision of the immigration judge was not arbitrary and capricious and must therefore be upheld on appeal.

■ Although adherence to predetermined standards does minimize the possibility that the exercise of administrative discretion will be arbitrary and capricious, the mere recitation of certain "predetermined considerations" is not determinative of the more fundamental and controlling inquiry in the case at bar, i. e., whether the *factual basis* for the exercise of discretion was established in a full and fair hearing comport-

4. Although we cannot ascertain the complete basis for the immigration judge's decision from a silent record, we note that this decision may have proceeded from two erroneous assumptions. With regard to the "humanitarian" factor of subsequent reformation, the immigration judge concluded:

> The conviction took place less than a year and a half ago and *it is clear that there is not enough time to show a reformation.* This is clear even though the respondent has submitted a number of letters of recommendation. . . .

A.R. at 28. This determination that reformation could not be demonstrated in a year and a half appears to have been given the effect of a conclusive presumption precluding all possibili-

ty of rebuttal. Such presumptions have been universally condemned by the courts as violative of accepted principles of due process. *E. g., Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63. We cannot agree that the passage, or nonpassage, of time should be the sole determinative factor in considering reformation. Similarly, the immigration judge apparently determined that the absence of a specific statutory exemption from deportation for marijuana and narcotics offenders conclusively established their undesirability. This determination misconstrued the availability of section 212(c) relief in section 241(a)(11) deportation proceedings. In light of our subsequent disposition of this appeal, however, we need not rule on either of these points at this juncture.

ing with accepted principles of due process. In this regard our review of the administrative record discloses that Vissian was denied the opportunity to apply for a section 212(c) waiver during the deportation hearing. A.R. at 42. This denial was based on the immigration judge's conclusion that "a waiver of excludability is really not available in deportation proceedings" (*Id.*)—a conclusion now shown to be apparently erroneous. The necessary concomitant of the immigration judge's misconception of the availability of section 212(c) relief was that Vissian was precluded from presenting evidence in support of a favorable exercise of discretion, e. g., evidence of mitigating circumstances, subsequent reformation, hardship, or value to the community. The gratuitous statement of the immigration judge that he would deny the application in any event was therefore based on evidence relating solely to the issue of deportability, rather than to the separate and distinct issue of whether deportation should be waived in this particular case. Vissian's counsel did make an offer of proof consisting of eleven letters of recommendation from apparently substantial citizens stating the basis of their association with Vissian, their knowledge of his Australian conviction, and their opinion as to his present moral character and value to the community. We cannot conclude, however, that this isolated offer of proof, which was summarily rejected in the immigration judge's decision, satisfied the requirements of a full and fair hearing comporting with accepted principles of due process. In short, although the Attorney General (or his representative) may pretermit a ruling on the eligibility of an alien to apply for section 212(c) relief in cases where relief would be denied in any event, *Bagamasbad, supra,* he may not use this pretermission of the eligibility decision as a guise for pretermitting a hearing on the factual grounds for exercising his discretion as well.[5]

We therefore vacate the order of deportation and remand the case to the Board for further proceedings consistent with this opinion.

---

5. Our holding should not be misconstrued as requiring a separate hearing on the factual basis for the exercise of section 212(c) discretion, but merely a "hearing within the deportation hearing" already required by the Act, section 242(b), 8 U.S.C. § 1252(b), and the administrative regulations, 8 C.F.R. §§ 242.16(a), 242.-17(a). *Cf. Zamora v. INS,* 2 Cir., 534 F.2d 1055, 1060 (requiring a hearing within the deportation hearing on the *factual basis* for a discretionary stay of deportation).