**Edgar BYUS–NARVAEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 78–3164.

United States Court of Appeals, Fifth Circuit.

Aug. 31, 1979.

mined the issue of whether the defendant was one of the robbers.

Dallas Legal Services Foundation, Inc., Alfredo Campos, Jr., Dallas, Tex., for respondent.

Philip Wilens, James P. Morris, Eric A. Fisher, Attys., Chief, Govt. Reg. & Labor Section, Dept. of Justice, Washington, D. C., for petitioner.

Before WISDOM, AINSWORTH and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a petition for review of a decision of the Board of Immigration Appeals. Petitioner Edgar Byus-Narvaez, a native of Colombia whose mother is married to a United States citizen, entered this country as a lawful permanent resident in 1967. In 1975 he was convicted on two separate counts of conspiracy to distribute and distribution of cocaine in violation of the federal narcotics laws and was sentenced to imprisonment for five years on one count and three years on the other, the sentences to run concurrently.[1] Thereafter, petitioner was ordered to show cause why he should not be deported and, after a hearing before an immigration judge, he was initially found deportable under section 241(a)(11) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(a)(11).[2] The Board

---

1. Byus-Narvaez was also convicted in state court in Louisiana in January 1975 of burglary and received a two-year suspended sentence and probation.

2. Section 241(a)(11) provides:
   (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

   . . . . .

   (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate;

8 U.S.C. § 1251(a)(11).

of Immigration Appeals affirmed the finding of deportability but remanded the case to the immigration judge for consideration of Byus-Narvaez's request for relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c).[3]

Section 212(c) provides relief from exclusion to aliens who have departed from this country and then are denied readmission on account of one or more of the grounds for exclusion listed in section 212(a), 8 U.S.C. § 1182(a).[4] By its terms section 212(c) provides no relief to an alien like Byus-Narvaez who has never left the country and has never sought readmission subsequent to becoming deportable. However, in *Francis v. Immigration and Naturalization Service*, 2 Cir., 1976, 532 F.2d 268, the court held that section 212(c) could not constitutionally distinguish between an alien who briefly departed and thereafter reentered the United States and one, like Byus-Narvaez, who never left. Consequently, in the wake of the *Francis* decision, the Immigration and Naturalization Service has interpreted section 212(c) so as to extend its benefits to nondeparting permanent resident aliens subject to deportation. *See* Matter of Silva, Interim Decision 2532 (BIA 1976) (". . . a waiver of the ground of inadmissibility may be granted to a permanent resident alien in a deportation proceeding regardless of whether he departs the Unit-

ed States following the act or acts which render him deportable."). Therefore, pursuant to the mandate of the decision in *Francis* and the Immigration and Naturalization Service's revised interpretation of the statute, consideration was given on remand by the immigration judge to Byus-Narvaez's request for section 212(c) relief from deportation.[5]

In a decision dated August 19, 1977, the immigration judge granted relief to Byus-Narvaez from deportation pursuant to section 212(c). On August 25, 1977, the Immigration and Naturalization Service appealed that decision. The appeal was sustained by the Board of Immigration Appeals in its order dated April 25, 1978, and Byus-Narvaez was ordered deported. He then petitioned this court pursuant to section 106(a) of the Act, 8 U.S.C. § 1105a(a), for review of the Board's denial of section 212(c) relief and for review of its deportation order. His major contentions are that the Board of Immigration Appeals lacks jurisdiction over an appeal by the Service from an immigration judge's grant of section 212(c) relief and that in any event the Service failed to file a timely appeal from the immigration judge's decision.[6] We reject those contentions and dismiss the petition.

■ The jurisdiction of the Board of Immigration Appeals is outlined in various

3. Section 212(c) provides in pertinent part:
   (c) Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section.
   8 U.S.C. § 1182(c).

4. Section 212(a)(23) provides for the exclusion of aliens convicted of narcotics violations in terms similar to the provision in section 241(a)(11) for deportation of narcotics offenders. *See* note 2 *supra.*

5. The *Francis* holding has been endorsed by the Tenth Circuit. *Vissian v. Immigration and Naturalization Service*, 10 Cir., 1977, 548 F.2d 325, 328 n. 3. The Ninth Circuit, however, has rejected it in part, holding that section 212(c) relief is unavailable to aliens facing deportation

on account of narcotics convictions. *Bowe v. Immigration and Naturalization Service*, 9 Cir., 1979, 597 F.2d 1158; *Arias-Uribe v. Immigration and Naturalization Service*, 9 Cir., 1972, 466 F.2d 1198. This circuit has yet to rule on the validity of the *Francis* holding, and, because the Service has not contested the availability of section 212(c) relief to Byus-Narvaez, we need not do so today.

6. We find no merit in Byus-Narvaez's contention that the Board abused its discretion by applying unfair procedures in adjudicating his case and by making erroneous factual determinations. In addition, we reject petitioner's request that we remand this case to the Board for consideration of new evidence pursuant to 28 U.S.C. § 2347. If Byus-Narvaez wishes to present new evidence to the Board, the appropriate procedure is to file a motion to reopen with the Board pursuant 8 C.F.R. § 3.2.

sections of Title 8 of the Code of Federal Regulations promulgated by the Attorney General under the authority granted by section 103 of the Act, 8 U.S.C. § 1103. Pursuant to 8 C.F.R. § 3.1(b)(3), the Board has jurisdiction over appeals from "[d]ecisions on applications for the exercise of the discretionary authority contained in section 212(c) of the act, as provided in part 212 of this chapter." That broad language communicates no suggestion that the Board's jurisdiction extends only to appeals by an alien who has been denied section 212(c) relief and not to appeals by the Service from an immigration judge's grant of relief. Byus-Narvaez contends, however, that the concluding clause of 8 C.F.R. § 3.1(b)(3) requires reference to 8 C.F.R. § 212.3, which limits the Board's jurisdiction to appeals by an alien who has been denied section 212(c) relief by the immigration judge. We reject that interpretation of 8 C.F.R. § 212.3.[7] Although the regulation makes no specific reference to a right of appeal by the Service, its silence in that respect does not imply the absence of such a right. The purpose of the regulation is to inform the alien eligible for section 212(c) relief of procedural rights and requirements ancillary to the remedy. The regulation delineates in detail the alien's right to appeal an unfavorable decision of the immigration judge. In doing so, however, it neither explicitly nor implicitly restricts the Service's right to appeal from a contrary decision.

Nothing in the nature of section 212(c) relief suggests that the Attorney General, as a matter of policy, intended to provide an appeal to an alien when relief has been denied but not to the Service when relief has been granted. Neither logic nor the statute compels the conclusion that a single immigration judge has the final decision concerning the propriety of the Service's exercise of its discretionary authority under section 212(c). Thus, we refuse to interpret the Attorney General's regulations to give the Board jurisdiction over appeals by an alien, but not by the Service, from an immigration judge's disposition of an application for section 212(c) relief.

We also reject Byus-Narvaez's contention that the Service's appeal to the Board in this case was untimely. The immigration judge rendered his decision on the application for section 212(c) relief on August 19, 1977. The Service filed its appeal six days later on August 25, 1977. Byus-Narvaez contends that the appeal was untimely because it was not filed within the five-day period specified by 8 C.F.R. § 236.-7(c). That regulation, however, is applicable to appeals by the Service from decisions in exclusion proceedings. In this case, the application for section 212(c) relief was made in connection with a deportation proceeding. Under 8 C.F.R. § 242.21, ten days is allowed for the filing of an appeal from the decision of an immigration judge in a deportation proceeding. The Service's ap-

7. 8 C.F.R. § 212.3 provides:

§ 212.3 Application for the exercise of discretion under section 212(c).

An application for the exercise of discretion under section 212(c) of the act shall be submitted on Form I–191 to the district director in charge of the area in which the applicant's intended or actual place of residence in the United States is located prior to, at the time of, or at any time subsequent to the applicant's arrival in the United States. The applicant shall be notified of the decision and if the application is denied of the reason therefor and of his right to appeal to the Board within 15 days after the mailing of the notification of decision in accordance with the provisions of Part 3 of this chapter. If denied, the denial shall be without prejudice to renewal of the application in the course of proceedings before a special inquiry officer under sections 235, 236, and 242 of the act and this chapter. An application for the exercise of discretion under section 212(c) of the Act may be submitted by the applicant to a special inquiry officer in the course of proceedings before him under sections 235, 236, and 242 of the Act and this chapter, and shall be adjudicated by the special inquiry officer in such proceedings, regardless of whether the applicant has made such application previously to the district director. When an appeal may not be taken from a decision of a special inquiry officer excluding an alien, but the alien has applied for the exercise of discretion under section 212(c) of the Act, the alien may appeal to the Board from a denial of such application in accordance with the provisions of § 236.5(b) of this chapter.

peal in this case was filed within the ten-day limit which is applicable because Byus-Narvaez's application for section 212(c) relief was considered in connection with a deportation proceeding, which the Service recognizes as a result of the decision in the *Francis* case, rather than an exclusion proceeding.

In sum, therefore, the Board of Immigration Appeals properly asserted jurisdiction over the Service's appeal from the immigration judge's grant of section 212(c) relief. In denying relief, the Board gave appropriate consideration to Byus-Narvaez's arguments for exercising its discretion favorably to him and did not abuse its discretion in rejecting them. The denial of section 212(c) relief is amply justified by consideration of the serious nature of Byus-Narvaez's criminal record.

The petition for review is

DISMISSED.