812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shahiar MERRIKH, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 86-3842.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1986.
Decided Feb. 24, 1987.
 
 Before RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Mark Anthony Mancini (Wasserman, Mancini & Chang; Peter Kahn; Williams & Connolly, on brief), for petitioner.
 Donald E. Kenner, Office of Immigration Litigation, Civil Division, Department of Justice (Richard K. Willard, Assistant Attorney General, Office of Immigration Litigation, Civil Division, Department of Justice; Thomas W. Hussey, Assistant Director, Office of Immigration Litigation, Department of Justice, on brief), for respondent.
 PER CURIAM:
 
 
 1
 Petitioner, Shahiar Merrikh, appeals an order of the Board of Immigration Appeals dismissing his appeal from an order of the Immigration Judge denying his request for discretionary relief of waiver of deportation, pursuant to 8 U.S.C. Sec. 1182(c). We affirm.
 
 
 2
 Shahiar Merrikh is a native and citizen of Iran. He was lawfully admitted to the United States in 1975. In 1977, his status was adjusted to that of a legal, permanent resident following his marriage to a United States citizen, from whom he is now divorced. Other than one visit to Iran in 1976, Merrikh has resided continuously in this country since his initial entry.
 
 
 3
 On January 13, 1983, Merrikh was convicted in the United States District Court for the Middle District of Pennsylvania for conspiracy to manufacture, distribute and possess, with the intent to distribute, PCP; conspiracy to distribute and possess, with the intent to distribute, cocaine; and distribution of cocaine. He was sentenced to three years of imprisonment and a parole term of three years. This judgment of conviction was vacated on October 11, 1983, and Merrikh was sentenced to 18 months' incarceration on his plea of guilty to the same indictment. Merrikh served his entire 18-month sentence.
 
 
 4
 On April 7, 1983, the Immigration and Naturalization Service issued an order for Merrikh to show cause why he should not be deported, charging that Merrikh was deportable under 8 U.S.C. Sec. 1251(a)(11) for his drug conviction. Merrikh conceded deportability but sought discretionary relief from deportation under 8 U.S.C. Sec. 1182(c). He argued that he was no longer involved with drugs and had substantial equity in the United States to warrant discretionary relief. The Immigration Judge reviewed these factors, including the fact that Merrikh's family is in the United States; that he provides financial support to his parents and divorced sister in this country; that he has recently purchased a small interest in a home with his mother; that he is self employed; and that his return to Iran would be a particular hardship to him because he would be required to serve in the military and participate in the Iran-Iraq war. After weighing these factors, the Immigration Judge refused to grant discretionary relief because of the recency and seriousness of Merrikh's drug conviction. The Board of Immigration Appeals found no error in the Immigration Judge's analysis and dismissed Merrikh's appeal.
 
 
 5
 Merrikh argues that the Board abused its discretion by not properly considering all factors relevant to the determination of discretionary eligibility under 8 U.S.C. Sec. 1182(c). We disagree and conclude that the Immigration Judge and the Board properly considered all the factors presented by Merrikh. Both the Immigration Judge and the Board properly weighed the seriousness of Merrikh's drug conviction against these factors. Cobourne v. INS, 779 F.2d 1564, 1566-1567 (11th Cir.1986); Byus-Narvaez v. INS, 601 F.2d 879, 883 (5th Cir.1979).
 
 
 6
 We are of opinion the decision of the Board was not an abuse of discretion. Its decision is
 
 
 7
 AFFIRMED.