Lionel G.F. PANCHEVRE, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE–IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 90–4054.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1991.

---

**28.** *Kelley v. Rival Mfg. Co.,* 704 F.Supp. 1039     (W.D.Okla.1989).

Robert A. Shivers, Shivers & Shivers, San Antonio, Tex., for petitioner.

Richard Thornburgh, Atty. Gen., U.S. Dept. of Justice; Lisa Dornell, Alice M. Smith, Mark C. Walters, and Robert L. Mombough, Director, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for U.S.

Richard M. Casillas, Dist. Director, I.N.S., San Antonio, Tex. and B.Z. Caplinger, Dist. Director, I.N.S., New Orleans, La., for other interested parties.

Before GARWOOD and WIENER, Circuit Judges, and VELA *, District Judge.

PER CURIAM:

Lionel G. Panchevre has petitioned this court to review a decision of the Board of Immigration Appeals (Board). The Board's decision reversed the decision of an immigration judge who had granted Panchevre's application for a waiver of inadmissibility under Section 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1182(c).[1] The Board has jurisdiction to review decisions of immigration judges on applications for the exercise of discretionary authority contained in section 212(c). 8 C.F.R. § 3.1(b)(3). This court has jurisdiction to review the Board's order pursuant to Section 106 of the Act, 8 U.S.C. § 1105a.

On appeal Panchevre argues that the Board did not have authority to reinstate the INS's withdrawn appeal. He argues in the alternative that it abused its discretion in denying his application for Section 212(c) relief. We do not reach the alternative issue because we agree with Panchevre's initial contention. We therefore vacate the Board's order denying Panchevre a waiver of inadmissibility because the Board did not follow the agency's own regulations in hearing the INS's withdrawn appeal.

## OPERABLE FACTS

In 1985 Panchevre, a lawfully admitted resident alien with at least seven years residence in the United States, was convicted of conspiracy with intent to distribute and possession with intent to distribute marijuana in violation of Sections 955a and 963 of Title 21 United States Code. Based on these convictions, the INS charged Panchevre with deportability under section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11). At his January 16, 1987, deportation hearing, during which Panchevre conceded deportability, the immigration judge granted his application for section 212(c) relief. On January 23, 1987, the judge entered a corrected order, and on that date the Immigration and Naturalization Service (INS) filed a timely appeal. The decision, transcript, and both parties' briefs were forwarded to the Board on June 22, 1988.

The INS filed a written withdrawal of its appeal on September 8, 1988. On September 19, 1988, the Board ordered the record returned to the local office of the immigration judge. On October 6, 1988, the INS filed a motion to reinstate the appeal,

---

* District Judge of the Southern District of Texas, sitting by designation.

1. For convenience we will follow the usual practice of citing to the Act and not to the United States Code; consequently, we will refer to a waiver of inadmissibility as a section 212(c), not as a section 1182(c), waiver.

    Section 212(c) provides in pertinent part:
    Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the dis-

cretion of the Attorney General without regard to the provisions of paragraph (1) through (25) and paragraphs (30) and (31) of subsection (a).

Although Section 212(c) refers to relief from exclusion for certain aliens seeking readmission, the INS, as it acknowledges in its brief, has interpreted the section as "extend[ing] its benefits to nondeparting permanent resident aliens [such as Panchevre] subject to deportation." *See also Byus–Narvaez v. Immigration & Naturalization Service,* 601 F.2d 879, 881 & n. 5 (5th Cir.1979) (citing cases which so interpret section 212(c)).

claiming that it had inadvertently included this appeal with sixty-six other appeals that it was withdrawing. In the alternative, it requested that the Board "certify" the appeal.[2] The INS served a copy of the motion upon Panchevre's accredited representative. On January 8, 1990, in granting the INS's motion to reinstate its appeal, the Board offered no explanation other than the bald statement that the INS had inadvertently withdrawn its appeal. The Board did not cite any regulatory authority that entitled it to reinstate the appeal. Having reinstated the appeal, the Board then sustained the INS's appeal and reversed the immigration judge's waiver of inadmissibility.

Panchevre timely filed his petition with this court on January 24, 1990.

## DISCUSSION

■ "Judicial review of denials of discretionary relief incident to deportation proceedings is limited to determining whether there has been an exercise of administrative discretion, and whether the manner of exercise has been arbitrary or capricious." *Blackwood v. Immigration and Naturalization Service*, 803 F.2d 1165, 1168 (11th Cir.1986) (citations omitted). In the instant case, however, we are concerned, not with either the exercise or the manner of the exercise of administrative discretion, but rather with the threshold question of the Board's jurisdiction even to hear the INS's withdrawn appeal. Consequently, we turn to the regulations governing the Board, 8 C.F.R. § 3.1—3.8.

These regulations do not contain any provisions for *reinstatement* of an appeal. They do, however, at 8 C.F.R. § 3.4, address *withdrawal* of an appeal. Section 3.4 provides in pertinent part:

In any case *in which an appeal has been taken*, the party taking appeal may file a written *withdrawal* thereof with the office with whom [sic] the notice of appeal was filed.... If the record has been forwarded on appeal, the *withdrawal* of the appeal shall be forwarded to the

Board and, *if no decision in the case has been made on the appeal*, the record shall be returned, *and the initial decision shall be final to the same extent as though no appeal had been taken.*

(emphasis added). *See also Matter of Keyte*, Int. Dec. 3128 (BIA 1990) ("The filing of a written withdrawal of the appeal would have rendered final the decision of the immigration judge to the same extent *as if no appeal had been taken.*") (emphasis added).

Given that the decision in a withdrawn appeal is "final to the same extent as though no appeal had been taken," the possibility of *reinstating* a withdrawn appeal depends entirely upon whether the time for filing notice of appeal has expired, thereby rendering the immigration judge's decision final. Section 3.37 of Title 8 of the Code of Federal Regulations states:

Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken.

Notice of appeal of the immigration judge's decision "shall be filed ... within ten (10) calendar days after service of the decision.... 13 days if mailed." 8 C.F.R. § 3.36. Once that period has expired, notice of appeal can not be filed, and the decision is "final." True, nothing in the regulations expressly prohibits a withdrawn appeal from being refiled if the refiling is made within the time specified for filing notice of appeal. *See* 8 C.F.R. §§ 3.3, 3.36, 3.37. But by the time the INS withdrew its appeal, almost seventeen months had elapsed since the immigration judge's decision granting Panchevre section 212(c) relief. Clearly, the time for filing notice of appeal had expired, and the immigration judge's decision was final. The Board had, therefore, no jurisdiction to reinstate the INS's withdrawn appeal.

■ The INS never addresses how the status of its appeal as a *withdrawn appeal* affected the Board's jurisdiction. It argues, instead, that the Board merely neglected to mention that its discretionary

2. 8 C.F.R. § 3.1(c).

authority to certify an appeal entitled it to reinstate the appeal.[3] "Jurisdiction by certification," 8 C.F.R. § 3.1(c), states:

> The Commissioner, or any other duly authorized officer of the Service, any Immigration Judge, or the Board may in any case arising under paragraph (b) of this section require certification of such case to the Board.

This particular regulation neither specifies further what cases the Board may certify nor limits the time within which it may certify a case. But Section 3.7, "Notice of certification," does. It states that "[a] case shall be certified only after an initial decision has been made and *before an appeal has been taken.*" 8 C.F.R. § 3.7 (emphasis added). The issue, therefore, is whether a withdrawn appeal "has been taken."

The regulation governing the withdrawal of an appeal, 8 C.F.R. § 3.4, emphasizes and repeats that a withdrawn appeal "has been taken." Conversely, the regulation nowhere states or implies that a withdrawn appeal should itself be treated as though it had never been taken. Instead, section 3.4 uses the clause "as though no appeal had been taken" to establish the status of the immigration judge's decision. The regulation thereby establishes the terms upon which a party may again appeal a decision. But it does not state anything about treating an appeal—for the purposes of certification—as though it had never been taken.

The INS cites dictum in which this court stated that the Board may certify an untimely or otherwise questionable appeal pursuant to 8 C.F.R. § 3.1(c). *Garcia v. Boldin*, 691 F.2d 1172, 1181 n. 17 (5th Cir.1982). *Garcia* did not involve reinstatement of a withdrawn appeal. Instead, the issue to which the dictum refers concerned the timeliness of an initial appeal. *Id.* Furthermore, if before the time to appeal has expired no notice of appeal is filed, then, by the terms of the regulations, no appeal can "ha[ve] been taken," even if one is later untimely filed. *See* 8 C.F.R. § 3.36,

3.37. In such circumstances, unlike those of the instant case, nothing in the regulations prevents the Board from certifying an appeal. 8 C.F.R. § 3.7.

The INS also cites five cases, which the Board decided, to support its proposition that the Board has reinstated appeals "through its discretionary certification authority when a party has failed to appeal in a timely manner." *Matter of Keyte*, Int. Dec. 3128 (BIA 1990); *Matter of Ruiz*, Int.Dec. 3116 (BIA 1989); *Matter of Rodiguez–Esteban*, Int.Dec. 3115 (BIA 1989); *Matter of Iberia Airlines Flight # 1B 951*, Int.Dec. 3082 (BIA 1988); *Matter of Rivera*, Int.Dec. 3072 (BIA 1988). Like *Garcia*, these cases did not involve withdrawn appeals, and, consequently, if notices of appeal were indeed untimely filed, the regulations did not prohibit the Board from certifying the cases. Furthermore, these cases do not stand for precisely the proposition that the INS claims. Four of the cases instead indicate that the Board will certify cases when it can not determine whether initial appeals have been timely filed. *Ruiz*, Int.Dec. 3116; *Rodiguez–Esteban*, Int.Dec. 3115; *Iberia Airlines*, Int. Dec. 3082; *Rivera*, Int.Dec. 3072. In the fifth case, *Keyte*, Int.Dec. 3128, the INS contended that the appeal was untimely because the applicants had withdrawn it. The Board found, however, that because no valid withdrawal had been submitted, the original appeal—the timeliness of which the INS did not challenge—was not moot.

The regulations indicate that certification is intended for cases in which no appeal "has been taken" and the time specified for filing notice of appeal has expired. Were the Board to certify the case in order to retain jurisdiction of the INS's appeal, it would be using certification in a manner which the regulations clearly prohibit. *See* 8 C.F.R. § 3.3(a), 3.7. Section 3.3(a) expressly enjoins the use of certification to "extend the time specified in the applicable

---

**3.** If the Board did certify Panchevre's case without mentioning that it was doing so, the record does not indicate that it ever sent the required Notice of Certification (Form 1–290C) to Panchevre. 8 C.F.R. § 3.7. The purpose of the notice of certification had already been largely achieved. Panchevre had submitted a brief to the Board and, though the record does not indicate so, presumably stated whether he wanted oral argument.

parts of this chapter for the taking of an appeal." 8 C.F.R. § 3.3(a). Because the period has expired in which to file an appeal from the immigration judge's decision granting Panchevre section 212(c) relief, the Board's certifying the INS's appeal would have exactly that effect.

In addition, by including the language "before an appeal has been taken," section 3.7 means to prevent those who may require certification, 8 C.F.R. § 3.1(c), from abusing it to obtain repeated appeals. This reading of section 3.7 comports with the regulations governing the Board's appellate jurisdiction which indicate a general disapproval of repeated appeals. In deportation proceedings, for instance, motions to reopen are granted only if the evidence is "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.2. In discussing why motions to reopen or reconsider are not favored, the Supreme Court emphasized the "strong public interest in bringing litigation to a close as promptly as is consistent with giving the adversaries a fair opportunity to develop and present their respective cases." *Immigration and Naturalization Service v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 913, 99 L.Ed.2d 90 (1988).[4] When read in the light of the restraints in section 3.2 on reopening or reconsidering appeals, the restraints on certification in sections 3.7 and 3.3 reveal a similar purpose to close litigation.

We note also that the regulation which permits the Board to reopen or reconsider a case does not apply here because it pertains only to "any case in which [the Board] has rendered a decision." 8 C.F.R. § 3.2. Withdrawing an appeal merely requires the party taking appeal to file a written withdrawal, not a motion. 8 C.F.R. § 3.4. *See Matter of Aviles*, Int.Dec. 2473

(BIA 1976); *Matter of Mintah*, Int.Dec. 2459 (BIA 1975). Consequently, the Board makes no "decision" in such instances. Once the INS notified the Board that it was withdrawing its appeal, there was "nothing ... before the Board," as it acknowledged in its order of September 19, 1988. Ordering "that the record be returned to the local office of the Immigration Judge without further action" was all that remained for the Board to do. *See* 8 C.F.R. § 3.4.

Finally, the INS invites us to consider the regulation entitled "Powers of the Board" which provides that the Board, subject to specific limitation, "shall exercise such discretion and authority conferred upon the Attorney General by law as is appropriate and necessary for the disposition of the case." 8 C.F.R. § 3.1(d)(1). The INS neglects to acknowledge, however, that the regulation also specifies that the Board can exercise such discretion only "in considering and determining *cases before it.*" *Id.* (emphasis added). An appeal withdrawn is, as the Board acknowledged in its order returning the record, no longer "before it."

## CONCLUSION

Courts do not look favorably upon the INS's failure to follow its own regulations. *Duran v. Immigration and Naturalization Service*, 756 F.2d 1338, 1342 (9th Cir. 1984); *see also Ramon–Sepulveda v. Immigration and Naturalization Service*, 743 F.2d 1307, 1310 (9th Cir.1984). Because the time within which to file notice of appeal had expired when the INS withdrew its appeal, thereby rendering the immigration judge's decision final, the INS could not appeal again. Likewise, because the INS had already taken an appeal in the case, the Board lacked jurisdiction to certi-

4. Congress has recently enacted legislation which underlines its continuing concern with closing litigation in deportation proceedings more expeditiously. For instance, section 545(d) of the Immigration Act of 1990, Pub.L. No. 101–649, directs the Attorney General to issue, within six months after the date of enactment, regulations governing, inter alia, the period in which motions to reopen and to reconsider may be made in deportation proceedings,

including a limitation on the number of such motions that may be filed and the maximum period for filing such motions.

Sections 502(a) and 545(b) reduce the time in which to file a petition for judicial review of a final order of deportation and require that any review sought with respect to a motion to reopen or reconsider be consolidated with the review of the final order of deportation.

fy the case for appeal. Consequently, the Board's order reversing the immigration judge's grant of a waiver of inadmissibility under Section 212(c) of the Act is VACATED.