62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ziane Cherif BENZIANE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-9547.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 8, 1995.
 
 MOORE, Circuit Judge.
 Before SETH and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner is a citizen of Algeria who appeals the decision of the Board of Immigration Appeals (Board) affirming the immigration judge's (IJ) denial of claimant's petition for asylum and withholding of deportation, pursuant to the Immigration and Nationality Act (Act), 8 U.S.C. 1158(a) & 1253(h). We have jurisdiction to review the Board's order under 8 U.S.C. 1105a(a).
 
 
 3
 Petitioner alleges he has been persecuted by the government of Algeria based on his ethnic origin, Kabyle Berber. He also alleges he will be persecuted by the Front Islamic de Sadur or Islamic Salvation Front (FIS), an illegal political party seeking to overthrow the government through violent acts, because he is trained in paramilitary and antiterrorist techniques that are valuable to the FIS. In addition to fear of persecution by the FIS, petitioner claims fear of persecution by the government because he resigned from his government position after his supervisor told him he could not resign, and because the government may suspect him of being a member of the FIS, and may detain, torture, and execute him based on that suspicion.
 
 Asylum
 
 4
 Two steps are required for a grant of asylum: (1) the alien must establish he or she is a refugee under 8 U.S.C. 1101(a)(42), and (2) the Attorney General will then exercise her discretion to grant or deny asylum. Kapcia v. INS, 944 F.2d 702, 706, 708 (10th Cir.1991). "To establish refugee status, the alien must prove either past 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Id. at 706 (quoting 8 U.S.C. 1101(a)(42)). The Board's factual determination of whether the alien is a refugee is reviewed for substantial evidence; the Attorney General's decision whether to grant asylum is reviewed for an abuse of discretion. Nguyen v. INS, 991 F.2d 621, 625 (10th Cir.1993). Questions of law are reviewed de novo. Kapcia, 944 F.2d at 705. "The alien bears the burden of proof in the deportation proceedings." Id. at 707. We are concerned here with the first step, whether petitioner established his status as a refugee, as defined by 1101(a)(42).
 
 
 5
 We must uphold the Board's determination that petitioner is not eligible for asylum if the record considered as a whole contains reasonable, substantial, and probative evidence to support that determination. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). Reversal is appropriate only where the evidence would compel a reasonable factfinder "to conclude that the requisite fear of persecution existed." Id. at 815 & n. 1. Our review is restricted to the Board's decision, Rubio-Rubio v. INS, 23 F.3d 273, 274 n. 1 (10th Cir.1994), and the administrative record on which the deportation order was based, Kapcia, 944 F.2d at 704.
 
 
 6
 "Persecution has been defined as the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive. 'Persecution' or 'well-founded fear of persecution' encompass[es] more than just restrictions or threats to life and liberty." Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992)(quotations omitted). "The 'well-founded fear of persecution' standard, with which we are concerned in this appeal, involves both a subjective 'fear' component, and an objective 'well-founded' component. The subjective component requires that the alien's fear be genuine. However, this component is not relevant until the alien proves the objective component." Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir.1994).
 
 
 7
 Petitioner alleges he has been persecuted by the Algerian government based on his ethnicity as a member of the Kabyle Berber tribe. He testified that he was denied admittance to schools, and that he and his father were denied employment because they are Kabyle. On the other hand, petitioner was employed by the Algerian government, advancing to a position of management. The report by the United States Department of State, submitted pursuant to 8 C.F.R. 208.11, informs that "Kabyle ethnic minority members are not singled out for action by the Algerian authorities simply because of their ethnicity." R. at 238. Accordingly, substantial evidence supports the Board's conclusion that petitioner failed to meet his burden of proving his Kabyle ethnicity will subject him to persecution on the basis of race, religion, nationality, or membership in a particular social group.
 
 
 8
 We next address petitioner's claim that he fears persecution by the FIS. The FIS is neither the government of Algeria nor an agency of the government. Generally, the feared persecution must emanate from the government, but an alien may be eligible for asylum if he establishes possible persecution "from a non-government agency which the government is unwilling or unable to control." Bartesaghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir.1993); accord Elnager v. United States INS, 930 F.2d 784, 788 (9th Cir.1991). We need not decide whether the Board's indication that the government's aggressive efforts to stop FIS violence constitutes control of the FIS. Rather, we conclude that substantial evidence supports the Board's alternate holding that the FIS's pursuit of petitioner for his paramilitary expertise was to further FIS's political goals, and was not based on petitioner's race, religion, nationality, membership in a particular social group or political opinion. Accordingly, this claim does not qualify petitioner for refugee status under the statute, 8 U.S.C. 1101(a)(42). See Elias-Zacarias, 112 S.Ct. at 816 (petitioner failed to show that "guerrillas [would] persecute [petitioner] because of [his] political opinion, rather than because of his refusal to fight with them"); Bartesaghi-Lay, 9 F.3d at 822 (possible persecution was prompted by petitioner's refusal to smuggle drugs, not because of his political opinions). Petitioner's argument that the Board erroneously concluded the FIS wanted petitioner for a religious convert is not supported by the record.
 
 
 9
 We turn to petitioner's claim based on his fear that the government would persecute him as a suspected FIS member and for resigning his government employment. Neither the State Department's report nor plaintiff's testifying expert witness could support petitioner's claim that he would be persecuted for resigning his government employment. Moreover, petitioner testified that his boss did not believe petitioner was an FIS activist, and he believed his boss' opinion has not changed since he left the country. R. at 96-97. After reviewing the record, we conclude petitioner has not met his "burden of proving the objective component [of the well-founded fear of persecution standard] through credible, direct, and specific evidence of facts that would support a reasonable fear that he faces persecution." Sadeghi, 40 F.3d at 1142. Consequently, we conclude substantial evidence supports the Board's conclusion that petitioner has no well-founded fear of persecution if returned to Algeria.
 
 
 10
 We turn to petitioner's claim that he was denied due process. "[P]etitioners in deportation proceedings must be 'afforded a full and fair hearing that comports with due process.' " Kapcia, 944 F.2d at 705 (quoting Vissian v. INS, 548 F.2d 325, 329 (10th Cir.1977)). Most of petitioner's due process claims allege the Board did not properly evaluate the evidence, matters we have addressed above. Specifically, he complains that the IJ restricted the time for petitioner's direct testimony. The record indicates petitioner's counsel had ample time for his direct examination, and petitioner does not suggest what additional testimony he was prevented from presenting. Consequently, we perceive no due process violation.
 
 
 11
 Petitioner also complains that the Board did not consider all of the evidence presented. The Board "is not required to discuss every piece of evidence when it renders a decision," so long as its decision is "sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." Hadjimehdigholi v. INS, 49 F.3d 642, 648 n. 2 (10th Cir.1995)(quotation omitted). Based on our review of the entire record and the Board's decision, we conclude substantial evidence supports the Board's decision to deny petitioner's request for asylum.
 
 Withholding of deportation
 
 12
 8 U.S.C. 1253(h) provides that an alien shall not be deported if his or her life or freedom would be threatened due to his or her "race, religion, nationality, membership in a particular social group, or political opinion." In this case, because petitioner did not establish the lower standard for asylum--a well-founded fear of persecution, he also failed to establish the higher standard for withholding deportation--a clear probability of persecution. See Kapcia, 944 F.2d at 709. Consequently, we affirm the Board's decision to deny withholding of deportation.
 
 
 13
 The petition for review is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470