F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUL 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FIDEL JIMENEZ-SANTILLANO,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 96-9532
(Petition for Review)
(No. A90 355 520)

ORDER AND JUDGMENT[*]

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner Fidel Jimenez-Santillano has filed this petition seeking review of the order of the Board of Immigration Appeals (BIA) which affirmed the Immigration Judge's (IJ) determination that petitioner is deportable and ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(c). We affirm.

Initially, we address whether we have jurisdiction over this appeal. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in INS cases. However, because petitioner's deportation proceedings commenced before April 1, 1997, and the final decision of the INS issued before September 30, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case. See id. §§ 306(c)(1), 309(a), (c)(1) & (4), as amended, Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252. Because this case does not involve deportation for criminal activity addressed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, we need not address whether that Act would apply to INS cases commenced before its enactment on April 24, 1996.[1] See Fernandez v. INS, 113 F.3d 1151, 1152-54 (10th Cir. 1997).

---

[1] Although Mr. Jimenez-Santillano was convicted of a felony, the felony is not one of those referenced in 8 U.S.C. § 1252(a)(2)(C). See id. §§ 1105(a)(2) (currently found at § 1227(a)(2)), 1182(a)(2); see also In re Jimenez-Santillano, Interim Decision (BIA), No. A90 355 520, 1996 WL 426890 n.3 (BIA July 24, 1996).

Accordingly, we consider petitioner's claims under pre-AEDPA and pre-IIRIRA law.

Mr. Jimenez-Santillano, a native and citizen of Mexico, came to this country prior to January 1, 1972. He was granted permanent resident status in 1989. In 1994, he was convicted of fraud and misuse of documents required for entry into the United States in violation of 18 U.S.C. § 1546(a) and was sentenced to two years' probation.

Thereafter, respondent issued an order to show cause as to why he was not deportable. Mr. Jimenez-Santillano conceded deportability, but sought a waiver under § 212(c) of the Immigration and Naturalization Act (INA)(8 U.S.C. § 1182(c)). The IJ denied the waiver on the ground that the crime for which Mr. Jimenez-Santillano was found deportable was not identical to a statutory ground for exclusion for which discretionary relief would be available.

We review the BIA's factual findings for substantial evidence, discretionary determinations for an abuse of discretion, and legal conclusions de novo. See Hadjimehdigholi v. INS, 49 F.3d 642, 647 (10th Cir. 1995); Turri v. INS, 997 F.2d 1306, 1308 (10th Cir. 1993).

The INA provides two parallel statutory schemes regulating aliens' ability to enter or remain in this country. See Leal-Rodriguez v. INS, 990 F.2d 939, 942 (7th Cir. 1993). One scheme addresses the process of excluding aliens seeking to

enter the United States, while the other addresses the process of expelling aliens already present in the country.  See id.  While the grounds for exclusion largely overlap those for deportation, they are not identical.  See id.

Section 1182(c)(INA § 212(c)) provides that aliens who have been lawfully admitted for permanent residence but who temporarily and voluntarily leave the United States, may be readmitted, at the Attorney General's discretion, upon their return to a lawful unrelinquished domicile of seven consecutive years.[2]

Literally read, Mr. Jimenez-Santillano would not appear to be eligible for a § 212(c) waiver.  As he has not voluntarily left this country, he is not excludable. However, eligibility for consideration for a § 212(c) waiver has been extended to aliens who face deportation proceedings.  See Francis v. INS, 532 F.2d 268, 271-73 (2d Cir. 1976).  The Francis court accepted the petitioner's argument that, as applied, § 212(c) created "two classes of aliens identical in every respect except for the fact that members of one class have departed and returned to this country at some point after they became deportable."  Id. at 272.  The court held that "[f]undamental fairness dictates that permanent resident aliens who are in like circumstances, but for irrelevant and fortuitous factors, be treated in a like

---

[2]    This subsection does not apply to any alien who has been convicted of one or more aggravated felonies for which he\she served at least five years imprisonment.  Mr. Jimenez-Santillano is not subject to this exclusion.

manner." Id. at 273.[3]

Therefore, some aliens facing deportation may obtain

exclusion-type relief as if they were subject to exclusion rather than deportation. But that fiction requires that the aliens be excludable for the same reasons that render them deportable--a situation not necessarily true for all aliens facing deportations. Accordingly, section 212(c) relief was not extended to aliens whose deportability was based on a ground for which a comparable ground of exclusion did not exist.

Leal-Rodriguez, 990 F.2d at 949.

We, therefore, examine the statute to determine if the crime for which Mr. Jimenez-Santillano was convicted, and which he admits is a deportable crime, has an identical counterpart in the exclusion statute. Mr. Jimenez-Santillano was convicted of violating 18 U.S.C. § 1546(a) for obtaining "fraudulent resident alien cards and Social Security cards for undocumented aliens in the Roswell, New Mexico area." R. 63. He was adjudged deportable under 8 U.S.C. § 1251(a)(3)(B)(iii).

Mr. Jimenez-Santillano apparently argued before the IJ and BIA that § 1182(a)(6)(C)(i) is the comparable exclusion provision to § 1251(a)(3)(B)(iii).[4]

_____

[3]     This circuit adopted this standard in Vissian v. Immigration & Naturalization Service, 548 F.2d 325 (10th Cir. 1977). In Vissian we concluded that a § 212(c) waiver of inadmissibility "may be granted to a permanent resident alien in a deportation proceeding regardless of whether he left the United States following the act or acts which render him deportable." Id. at 328 n.3.

[4]     Before this court, Mr. Jimenez-Santillano asserts that the "identical statutory counterpart" is § 1182(a)(6)(F). Appellant's Br. at 5. This section

Section 1182(a)(6)(C)(i) provides that an alien who fraudulently procures a "visa, other documentation, or entry into the United States" is excludable. Mr. Jimenez-Santillano's acts of obtaining fraudulent documents for illegal aliens present in this country, which they presumably would use fraudulently to assert legal presence, is not comparable to obtaining false documents for the purpose of entering the United States. We agree with the BIA that the criminal acts encompassed by 18 U.S.C. § 1546(a) are much broader than those addressed in 8 U.S.C. § 1182(a)(6)(C)(i). Therefore, no comparable exclusion provision is present and the BIA correctly held that Mr. Jimenez-Santillano could not validly request a § 212(c) waiver. Because no § 212(c) waiver was available to Mr. Jimenez-Santillano, we need not address Mr. Jimenez-Santillano's argument that the equities of his situation were such that a denial of a waiver would constitute an abuse of discretion by the BIA.

The petition for review is DENIED.

Entered for the Court

Robert H. Henry
Circuit Judge

---

concerns civil penalties and is clearly inapplicable. Mr. Jimenez-Santillano was convicted of a criminal act and sentenced to probation. He received no civil penalty.